No. 18.—CARTER L. WILKINSON *et al.* plaintiffs in error *vs.* STEPHEN CASTELLOW, defendant in error.

[1.] The Sundays embraced in the thirty days, in which a bill of exceptions is required to be certified and signed by the presiding Judge, the same being "Statutory time," are not to be excluded.

A motion was made to dismiss the writ of error in this cause, on the ground that the bill of exceptions was not signed by the Judge within thirty days from the adjournment of the Court below.

The bill of exceptions was signed on the 6th June, 1853, and the presiding Judge certified that it was presented to him on the 5th, but that day being Sunday, he had declined to sign until the next day; and that Houston Superior Court, at which the cause was tried, adjourned on the 6th May, 1853.

WHITTLE & WARREN for the motion.

DEGRAFFENREID, HUNTER & HILL, *contra.*

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The bill of exceptions was handed to the Judge, in this case, on the thirtieth day, after the adjournment of the Court, and that day was Sunday. He therefore refused to sign it, until next day. It is now insisted, that this bill of exceptions was not signed within the time prescribed by law.

The time thus prescribed, is " Statutory time ;" and it has been always held, that the Sundays embraced in such time, are not to be regarded as " *dies non*," unless there be a special exception to this effect; as, for example, in the Constitution of the United States, specifying the time in which the President shall sign all bills, &c. (*Con. Art.* 1, *Sec.* 7.)

It is true, that in the case of *Neal et al. vs. Crew,* 12 *Ga. R.* 93, this Court held, that Sunday is not to be counted as one of the four days in which appeals are to be entered. But the Court puts its decision expressly upon the ground, that the law regulating this subject, is not to be considered with reference to the rule above cited, applicable to " Statutory time ;" but is to be " Construed in the light of the rules of practice, which obtain in the Courts of Westminster Hall;" and especially the Court of King's Bench, where " Sunday was never reckoned as one of the four days, in entering up judgments."

In the same case, this Court says : "We still hold, that Sunday is not to be disregarded, whether it be the first or the last, or an intervening day, in counting the various times, provided by law, for the service of writs, notices, and all such matters."

For the same reason, we must hold, in this case, that, inasmuch as the Statute positively requires the bill of exceptions to be signed within thirty days, without excepting the Sundays intervening; and as we are not authorized to construe this provision in the light of any common law practice, allowing such exception, (there being none applicable to the case,) the writ of error must be dismissed.