CHARLES W. BASS, plaintiff in error, *vs.* SAMUEL D. IRVIN, defendant in error.

1. A Judge of the Superior Court cannot open Court and receive a verdict from the jury on the Sabbath day, and such a verdict so rendered, is illegal and a nullity.

2. Where a verdict has been so rendered and entered by the jury, through mistake, on the wrong writ, on the hearing of a motion at a subsequent term of the Court to transfer the verdict to the proper declaration and

Bass *vs.* Irvin.

to enter judgment *nunc pro tunc*, and it appears from the verdict or by the admission of the party, that it was rendered on the Sabbath day, it is proper for the Court to consider that question, if made in the answer to the motion.

Verdict. Sabbath. Practice in the Superior Court. Judgment. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1872.

Samuel D. Irvin, as administrator of James Bond, brought ejectment against Charles W. Bass for a lot of land in Sumter county. The verdict of the jury was as follows :

"We, the jury, find for the defendant the premises in dispute, the defendant paying to the plaintiff $200 00, with interest from December 15th, 1859."

This verdict was entered upon the declaration in the case of Irvin, administrator, *vs.* Thomas D. Speer, at the October term, 1871. At the October term, 1872, the following motion was made:

"And now, at this term of the Court, comes the defendant and moves the Court to transfer the verdict rendered in this case (Irvin, administrator, *vs.* Bass,) from a declaration in the case of Samuel D. Irvin, administrator of James Bond, *vs.* Thomas D. Speer, on which it was written and signed by the jury, by mistake, to the declaration in this case, the motion having been made at the term at which this verdict was rendered, and not heard or disposed of at that term on account of the opposition of defendant's counsel, and his petition to the Court for time to be heard in argument opposing said motion; the plaintiff also moves the Court to enter judgment in said case *nunc pro tunc.*"

The defendant showed for cause against said motion, as follows :

1st. That no legal verdict was rendered in said case, the pretended verdict having been returned on the Sabbath day, in the absence of and without the consent of the defendant.

2d. That two declarations, to-wit : the declaration in ejectment, and a declaration in a suit in favor of Irvin, adminis-

trator, *vs.* Thomas D. Speer, the original purchaser of the land from Bond, on the note given by Speer for the purchase money of said lot, were sent out with the jury, and they wrote their verdict for $200 00, the amount of the purchase money, on the declaration against Speer.

3d. That the verdict having been received and recorded, the jury dispersed, and the Court adjourned, it is and was too late to alter or transfer the verdict, especially without the re-assembling and concurrence of the jury.

4th. That the case of Irvin, administrator, *vs.* Speer, was afterwards tried (against the objection of Speer's counsel) and dismissed because of the non-payment of taxes, and the judgment of the Superior Court affirmed in the Supreme Court.

5th. That Thomas D. Speer was not a party to the suit in ejectment, and Bass did not purchase the land from Bond or his administrator, but Speer purchased the same from Bond in his lifetime and afterwards sold to Bass, who paid him in full for it under a bond for titles, and, after said payment, remained in possession for more than seven years before the bringing of said suit in ejectment; that he had notice that the title was in Bond, and that the purchase money was not paid therefor.

6th. That there was no allegation in the pleadings that Bass owed Bond or his administrator one cent for the land, and there was no money demand in the plaintiff's declaration against Bass or any one else for the purchase money.

The motion was sustained by the Court, and the defendant excepted.

C. T. Goode, for plaintiff in error.

W. A. Hawkins; R. F. Lyon, for defendant.

Trippe, Judge.

1. The verdict was received in Court on the Sabbath day, in the absence of the excepting party, and without his consent. The question is, can a Judge of the Superior Court

Bass *vs.* Irvin.

open his Court and receive a verdict from the jury on the Sabbath. We think this has been settled in the negative by a long line of decisions, English, American and of this Court. It is only necessary to refer to some of our own decisions, as they cover the whole question, and contain references to many others to which any one, desirous to make a thorough investigation, can look. If for upwards of twenty years, more than one decision of this Court has stood untouched by any legislation to change the law as therein adjudged, there is no necessity to go farther. In the case of *John Neal vs. W. F. Crew*, 12 *Georgia*, 93, it was held that "Sunday is not to be counted as one of the *four days* in which appeals were allowed to be entered." The reason given was that if an appeal were entered on Sunday, it would be void. In the argument reaching that conclusion, the whole question was reviewed, the authorities given and the position clearly assumed, that Sunday was *dies non juridicus*. In the same volume, page 380, *Cheeseborough, etc., vs. Vanness*, it was stated that it was held in *Neal vs. Crew*, that Sunday was not a day for the transaction of judicial business. In the case of *Cheeseborough vs. Vanness*, the Judge of the Court of Common Pleas of Augusta, had appointed a day for a special session. By oversight on his part the day appointed, was Sunday. He opened Court and adjourned until next day, without transacting business. The objection was made on Monday that the order appointing the session, was void, because it appointed Sunday; and, also, that the adjournment on Sunday was void. It was held by this Court, that in this State, Sunday is not a day for the transaction of judicial business, and when a day was appointed to hear a special case, which, by mistake, fell on Sunday, *the case would necessarily stand over until, Monday, the next working day, without any formal meeting and adjournment of the Court for that purpose.* The meeting and adjournment on Sunday was considered as a *mere nullity.* The same principle is recognized in *Gholston vs. Gholston*, 31 *Georgia*, 638. Section 4579, New Code, makes it criminal for any "person whatever," to pursue their

business, or work of their ordinary calling on the Lord's day. This is substantially the same as the second section of the Colonial Act of 1762, under which the foregoing ·decisions were made.

It has been held that a note made on the Sabbath day, in pursuance of trade or business, is void: 41 *Georgia*, 449. Also, that a payment on Sunday on a note, due to a merchant, being a transaction in violation of law, is not such acknowledgement of the debt as will take it out of the statute of limitations: 31 *Georgia*, 607. No attachment or bail process could issue on the Sabbath day, unless by authority of special law, and then only under special circumstances, which must be sworn to by the applicants. The Constitution excepts Sunday from being one of the five days allowed the Governor for the revision of bills which have been passed by the General Assembly. In every form—by all the different authorities of this State—by its organic law—its civil and criminal Code, and by every judicial decision upon the question, the Sabbath day is regarded as the Lord's day, and it is protected from violation by so many guards that the Courts should not be allowed to invade its sanctity, and in so doing make a record to be read by all men in all time.

In Davis *vs.* Fish, 1 Green, (Iowa,) 410, the very point before us was made and decided as we decide this. Similar authorities might be cited without number—authorities sustaining the principle upon which we rest this decision, even had we to go outside our own State for them.

2. The verdict in this case having been received in Court, opened on the Sabbath day for that purpose, was an illegal verdict and a nullity; and, being this, the objection was properly taken, at the proper time, and should have been sustained by the Court.

Judgment reversed.