GEORGE W. SWINDLE, plaintiff in error, *vs.* MUNFORD S. POORE, defendant in error.

1. The verdict of the jury being not only against evidence, but so flagrantly unjust as to shock the moral sense, the court could not do otherwise than grant a new trial.

2. The supreme court will not inquire whether the day on which a new trial was granted by the superior court was Sunday, unless the record or the bill of exceptions states the fact directly, or unless the point is plainly presented in the assignment of error.    When the judge is not put on his guard to see that dates are correct, or to explain them if incorrect, there is a stronger presumption that a mistake was made in dating a judicial act, than that the act was performed on Sunday.

New trial. Practice in the Supreme Court. Sabbath. Before Judge HANSELL. Mitchell Superior Court. November Term, 1876.

One of the grounds relied upon in the brief of counsel for plaintiff in error for reversal, was because the new trial was granted on the Sabbath. The bill of exceptions contained no such assignment of error. The only way in which such fact appeared was that the order sustaining the motion for new trial was dated December 3, 1876, which, by reference to an almanac, will be found to have been Sunday.

For the remaining facts see the opinion.

W. C. McCALL, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Judge.

The note sued upon was dated January 1, 1862, and due one day thereafter. It was for $154.75. The consideration, as proved at the trial, was merchandise purchased in 1860 and 1861—not payable in Confederate money nor rated at Confederate prices. Barber's table was put in evidence, according to which the difference between Confederate money and gold, at the date of the note, was twenty cents on the dollar. The jury returned a verdict in favor of the plaintiff for twenty dollars, and interest. The plaintiff moved for a new trial, alleging that the verdict was contrary to evidence, to law, and to the charge of the court. A new trial was granted, the order granting it being headed: "At Chambers, December 3, 1876." The bill of exceptions says: "After argument had thereon, the *court* granted said new trial, whereupon the defendant excepts and assigns the granting of said new trial as error." For causes why it is error, the bill of exceptions proceeds to specify the following: That the verdict was not contrary to law, nor to evidence, nor to

the charge of the court, and that "the order shows said new trial was improperly and illegally granted."

1. If a verdict can shock the moral sense, this does it. Twenty dollars on a note for $154.75, and not a cent ever paid! Doubtless the explanation is, that the note was given during the war. The war destroyed many things, but justice was not killed out. It went through, and is still alive. Private debts are extinguished, not by arms, but by payment, or discharge in bankruptcy, or voluntary release. Debtors cannot fight out of their just obligations to creditors.

2. The brief of counsel asserts that the new trial was granted on Sunday. If it was, this objection should have been openly specified in the bill of exceptions, and not concealed under a generality that affords of it no hint whatever. We cannot permit a judgment to be ambushed in this court in any such way.

Judgment affirmed.