## TUCKER *v.* MAYOR AND COMMISSIONERS OF GRAYSVILLE.

1. The statute requires the clerk to issue the writ of certiorari and enter the same on the docket, but does not make it his duty to hand the writ to the sheriff for service.

2 The statute makes it incumbent upon the plaintiff in certiorari to have the writ served upon the officer whose judgment is sought to be reviewed.

3. If the clerk, at the request of the petitioner, undertakes to perform any act in connection with the service of the writ of certiorari, he does so, not as the agent of the law, but of the petitioner, and the failure or omission of the clerk is to be treated as the failure of his principal.

4. Where through the mistake of such clerk the writ is not served within the time required by law, and the officer for this reason fails to answer, the petition must be dismissed by the judge of the superior court.

Argued April 21, — Decided May 10, 1904.

Certiorari.    Before Judge Fite.    Catoosa superior court.    February 1, 1904.

On July 16, 1903, Tucker was found guilty of violating the ordinance of Graysville requiring its citizens to work on the streets.    His petition for certiorari was sanctioned on August 5, 1903.    On August 18, 1903, the clerk of Catoosa superior court issued the writ of certiorari, making the same returnable to the next term of the court, to be held on February 4, 1904.    This was served on the mayor, January 25, 1904, less than fifteen days before the court met.    On this ground the attorney for the town of Graysville moved to dismiss the certiorari; whereupon counsel for petitioner proved by the clerk, that, two months before court, the attorney for Tucker inquired of him whether the certiorari had been served, and, finding that it had not been attended to, "he directed me to have it served at once.    I then asked him why he did not serve the papers himself; to which he replied, ' Let the sheriff serve them and get his fee therefor.'    I then handed the paper which I thought was the certiorari to the sheriff, and directed him to serve it.    He took the paper, which was not the one I intended to give him, but another.    Looking through my office about a week before this term of court, I found the certiorari, and at once gave it to the sheriff to serve on the mayor, which he did immediately.    Neither the plaintiff in certiorari nor his counsel ever applied for the papers to serve them himself."

From the testimony of the sheriff it appeared that the first paper supposed to be the writ of certiorari had been served six or eight weeks before court, and that the real writ had been served only about a week before court convened. On this showing the judge dismissed the certiorari, to which ruling Tucker excepted.

*R. J. & J. McCamy,* for plaintiff in error.

*W. E. Mann,* contra.

LAMAR, J. Certioraries and bills of exceptions intended to review judgments are not treated by our statute as writs or processes which must be served by an officer. Compare Civil Code, §§ 5547, 4643. The law makes it incumbent upon the complaining party to give notice to his adversary of the sanction of the writ of certiorari, and of the time and place of the hearing. Civil Code, § 4644. The statute requires the clerk of the superior court to issue the writ and place the same on the docket, but requires nothing further from him. If thereafter he acts at the instance of the plaintiff in certiorari, he does so as agent of the latter, and not as agent of the law. If he gives to the sheriff the wrong paper, it is not a case of misprision of a ministerial officer (Civil Code, § 5125), but the mistake of the plaintiff's agent, and what he does through his agent is to be treated as though it had been done by himself, and with the same legal consequences as if Tucker by mistake had handed the wrong paper to the sheriff. Civil Code, § 4643, contemplates that the writ of certiorari shall be delivered to the judge of the lower court by the party applying for the same, his agent or attorney, and this is the usual practice. There may be cases, however, in which the plaintiff might not desire to make this service, and therefore the statute permits it to be done through a sheriff, deputy sheriff, or constable. But this is not a duty incumbent upon the officer until after he has been furnished with the writ by some one acting for the plaintiff. It is not made the duty of the clerk as clerk to hand the papers to the sheriff for service. The case here is controlled by *Zachery* v. *State,* 106 *Ga.* 124, where it was said: "After the writ has been issued, the duty is placed upon the party applying for the certiorari to see that the same is served upon the judge whose decision is sought to be reviewed." The failure to have this done fifteen days before the session of the court to which it was made returnable was not

the fault of the officers of the law as such, but the misfortune of the plaintiff in certiorari through the omission of one acting as his agent.          *Judgment affirmed.          All the Justices concur.*