16505.  Town of Bartow v. Smith.

Bell, J. 1. This court will not dismiss the bill of exceptions merely because the service thereof appears to have been acknowledged on a date which the court judicially knows was Sunday, when counsel did not state in the entry of acknowledgment that it was not to be construed as a waiver of the defect. See Ga. L. 1911, p. 149, Park's Code, § 6164 (a); *Swindle* v. *Poore*, 59 *Ga.* 336 (2); *Lott* v. *Banks*, 21 *Ga. App.* 246 (94 S. E. 322). Stephens, J., dissents.

2. Furthermore, since the acknowledgment is not the service, nor a waiver of service, but is a mere admission that proper and legal service has been made, it may be taken as evidence of that fact. Even though the acknowledgment should be taken as having been written and signed on Sunday (but see *Swindle* v. *Poore* and *Lott* v. *Banks*, supra), it does not appear that the service itself as referred to therein was made on that date. Bell, J., dissents.

3. *Query:* Since it was not within the ordinary calling of the defendant in error to acknowledge service of the bill of exceptions, would it not have been lawful for him to have made the acknowledgment in person on Sunday, and, if so, was not the acknowledgment in his behalf by his attorney lawful, although the attorney himself in making the acknowledgment was doing an act within the work of his ordinary calling? Penal Code, § 416; *Hayden* v. *Mitchell*, 103 *Ga.* 431 (3) (30 S. E. 287); *Williams* v. *Allison*, 10 *Ga. App.* 840 (3) (74 S. E. 442).

4. The motion to dismiss the bill of exceptions is denied.

---

Appeal and Error, 4 C. J. p. 305, n. 26; p. 326, n. 74 New. Trial, 38 Cyc. p. 1657, n. 47.

5. The plaintiff, a civil engineer, brought suit against a municipality to recover for services alleged to have been rendered by him in making, at the defendant's request, "surveys, investigations, and reports for the development of a municipal hydro-electric plant." The petition alleged that the reasonable value of his services was one and one half per cent. of $44,300, "the estimated cost of the proposed power plant." The defendant in its answer denied liability in the amount sued for, and alleged that it only employed the "plaintiff to make a preliminary survey and to submit a rough estimate of the approximate cost of building a dam across" a certain named creek, and denied that it had authorized or accepted the services described in the plaintiff's petition.   *Held:* There being some evidence in support of the defendant's contentions, the court erred in charging the jury as follows.: "The defendant, as I construe the pleadings and. the evidence, admits that there was a contract, but the defendant contends that it was agreed and understood between the parties, clearly and distinctly, that the plaintiff was not to furnish in his work anything like an accurate estimate of the cost of the construction of this plant, but that he was to make merely a superficial survey and a rough estimate, without undertaking to be definite, or anywhere near accurate about it, and that they did not contemplate, at the time that. the contract was entered into, that he was to make the survey and in addition thereto to calculate and ascertain, by the exercise of his skill as a professional man, exactly accurate estimate of the cost of the construction of this plant." This excerpt erroneously implied that the defendant had employed the plaintiff to make a "rough estimate" of the cost of a complete plant, whereas the defendant contended that the plaintiff had been requested only to estimate the cost of constructing a certain dam.

6. The other assignments of error, in the form in which they are made, are without merit. For the reasons set forth in the preceding paragraph the court erred in overruling the motion for a new trial.

　　　*Judgment reversed.   Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 16, 1926.   REHEARING DENIED FEBRUARY 26, 1926.

Complaint; from Jefferson superior court—Judge Hardeman. March 17, 1925.

*Roy V. Harris,* for plaintiff in error.   *M. C. Barwick,* contra.