DECIDED MARCH 15, 1940.

*M. L. Gross,* for plaintiff. *W. M. Goodwin,* for defendant.

BROYLES, C. J. 1. "Sunday is dies non juridicus, and service can not be made, or legal notice given on that day, or the business or work of ordinary callings done." *Sawyer* v. *Cargile,* 72 *Ga.* 290; *Hayden* v. *Mitchell,* 103 *Ga.* 431, 446 (30 S. E. 287) ; *Chafin* v. *Tumlin,* 20 *Ga. App.* 433 (93 S. E. 50).

2. In the instant case, the defendant in error has filed a verified motion to dismiss the bill of exceptions on the ground that counsel for the plaintiff in error handed him a copy of the bill of exceptions on a Sunday, and that said service on Sunday was illegal. Counsel for the plaintiff in error admits in his brief that such service was made by him on a Sunday, and he fails to set forth any facts or any allegation showing any necessity for serving the paper on that day. When counsel served the bill of exceptions he was pursuing his ordinary business as a lawyer, and the service, being on a Sunday, was void; and, no other service of the bill of exceptions having been made within ten days after the certification of said bill (Code, § 6-911), the writ of error must be

*Dismissed. MacIntyre, J., concurs.*

GUERRY, J., dissenting. Is Sunday a "dies non juridicus" as defined in *Sawyer* v. *Cargile,* 72 *Ga.* 290 as quoted in the majority opinion, with reference to the service on Sunday by an attorney, acting for his client, of a bill of exceptions on the opposite party? 3 Words and Phrases, 2064, defines "Dies non" as an "abbreviation of 'dies non juridicus.'" "Universally used to denote nonjudicial days—days during which courts do not transact any business— as Sunday or the legal holidays." The case of *Bass* v. *Irvin,* 49 *Ga.* 436, is cited in support of this statement. There it was held that a jury might not return a legal verdict on Sunday. In *Henderson* v. *Reynolds,* 84 *Ga.* 159, 168 (10 S. E. 734, 7 L. R. A. 327), this ruling was in effect overruled, as is seen by *Rawlins* v. *State,* 124 *Ga.* 31 (22), 58 (52 S. E. 1). When a statutory time is fixed within which a required act must be done Sunday is not a "dies non," as is pointed out in *Wilkinson* v. *Castellow,* 14 *Ga.* 122.

Judge Little in an exhaustive opinion in *Hayden* v. *Mitchell*, 103 *Ga.* 431, 446 (supra), discussed the validity of transactions performed or contracts made on the Sabbath. The Code, § 20-501, declares: "A contract to do an immoral or illegal thing is void." Code, § 26-6905, provides that no one may pursue his business or the work of his ordinary calling on the Sabbath day. In the opinion last cited Judge Little said, p. 441: "This is the section of the Code [26-6905] which affects the validity of contracts entered into on the Sabbath day. It will be seen that, as it is simplified, it applies solely and exclusively to a prohibition against the pursuit of one's business or the work of his ordinary calling on Sunday. . . Its effect is to declare illegal all contracts made on Sunday which are in the work of one's ordinary calling, or in the pursuit of his business."

At common law there was no inhibition about making contracts on Sunday. In *Dorough* v. *Equitable Mortgage Co.*, 118 *Ga.* 178 (2) (45 S. E. 22), it was said: "Under the law of this State a contract executed on Sunday is not for that reason illegal, unless made in the prosecution of the ordinary business or calling of the party who assumes the obligation." See also *Sanders* v. *Johnson*, 29 *Ga.* 526. It was there held that the burden of establishing that the work done or contract made was the ordinary calling of the party, was on him who asserted such to be the fact.

In *Town of Bartow* v. *Smith*, 35 *Ga. App.* 57 (132 S. E. 103), this court held that an acknowledgment of service of a bill of exceptions made on Sunday was not cause for the dismissal of the writ of error. Judge Bell there made the query: "Since it was not within the ordinary calling of the defendant in error to acknowledge service of the bill of exceptions, would it not have been lawful for him to have made the acknowledgment in person on Sunday, and, if so, was not the acknowledgment in his behalf by his attorney lawful, although the attorney himself in making the acknowledgment was doing an act within the work of his ordinary calling?" I fail to see why, if a defendant in error, because it is not a part of his ordinary calling, may acknowledge service or accept service, a plaintiff in error may not likewise serve a bill of exceptions, or have it served by his agent or attorney; such a work or action not being a part of his business or ordinary calling.

The thing which causes such service to be void and of no effect

is the fact that it is a violation of the Sunday statute quoted above. Under Code, § 6-911, a plaintiff in error is required to serve a copy of the bill of exceptions on the opposite party or his counsel. It is not treated as a process which must be served by an officer. *Tucker* v. *Graysville,* 120 *Ga.* 148 (47 S. E. 523). Whether Sunday is a "dies non juridicus" is not involved, when service of a bill of exceptions is being considered, which is not required to be served by an officer or as the act of an official, but may be had "by the plaintiff in error or his attorney, or by any other person." *Lyons* v. *Winter,* 129 *Ga.* 416 (3) (59 S. E. 270). The delivery of a copy of such bill of exceptions by the plaintiff in error or his agent to the defendant in error is a ministerial act, and not a judicial act, such as is a service of process by a sheriff or the advertisement in a newspaper, which is a judicial requirement. Such act is not a part of the business or ordinary calling either of the litigant or his agents. If the act done by the principal is not an illegal act, it is not rendered illegal and void because the principal has his agent to perform the act for him. If the agent violates the criminal statute in performing the act, this fact would not render an otherwise legal act void. I think the case should be determined on its merits.