Stansell *v.* Massey.

In trying an appeal from a county court, the superior court can reach no result which could not have been reached in the county court had the case been finally disposed of there. It follows that on the trial of such appeal the superior court cannot entertain an equitable petition offered by the defendant as an amendment to a plea of the general issue, which petition contemplates and prays for relief which only a court of equity, or a court of law exercising full equity powers, could administer, such as the rescission of contracts, the cancellation of promissory notes, injunction, etc. *Greer* v. *Burnam*, 69 *Ga.* 734; *Hufbauer* v. *Jackson*, 91 *Ga.* 298. There was no error in denying a new trial *Judgment affirmed.*

April 17, 1893. Argued at the last term.

Complaint on promissory notes. Before Judge At-kinson. Wayne superior court. October term, 1891.

Stansell sued Mrs. Massey in the county court upon several promissory notes. Defendant pleaded the general issue. Judgments were rendered for the plaintiff, and defendant appealed to the superior court, where, upon the call of the first case, defendant presented her petition for equitable relief, as an amendment to her plea, asking that the several cases be consolidated as covering but one issue and one subject-matter, and making sundry allegations and prayers for equitable relief. The court allowed so much of the amendment as sought to consolidate the cases, but refused to allow the remainder. Upon this ruling defendant assigned error. The portion of the amendment which was disallowed sets up, in brief, that the consideration of the notes was the purchase money for certain land which defendant's husband bought from plaintiff, defendant having no concern with the transaction and being in no way interested in it; but that, though she objected to signing the notes when offered to her, she finally did so against her will and in obedience to the wish of her husband, paying plaintiff $1,500 which she held as the money of

her son and ward and in which neither she nor her husband had any interest, and receiving from plaintiff a bond for title by which he agreed that for $1,500 cash and $3,500 on time he would make her a deed to the land; that the trade was made by her husband and not by her, the debt is really his and not hers, the property was purchased for him and not her, her name was used against her will, and her husband took charge of the property, occupied, used and retained it, and received the profits of it; that plaintiff knew all the facts; and that the property was not worth $5,000 and she would not have consented to give that sum, and it would not bring at a sale sufficient to pay the balance due, etc. She prays, that her husband be made a party defendant in her stead; that she be relieved from all liability on the contract; that if any judgment be decreed, it be against her husband and not her; that plaintiff be required to deliver up the notes for cancellation; and that she have judgment against him and her husband for $950 which she avers she has paid of her own money on the past due notes as they matured. She tenders the bond for title, together with the possession of the premises and reasonable rent therefor, etc.

Symmes & Bennet, by J. H. Lumpkin, for plaintiff in error. Garrard, Meldrim & Newman, *contra.*

---

McWilliams *v.* The Standard Guano & Chemical Co.

When a garnishee appeared at the term to which he was summoned and filed his answer denying indebtedness, and afterwards during the same term the court, while engaged in the trial of criminal cases (counsel in civil cases being excused from attendance), on motion of the garnishee took up the garnishment case out of its order, and ascertaining that no traverse to the answer had been filed, granted an order discharging the garnishee, it was no abuse of discretion, on a subsequent day of this same term, to revoke the discharge and allow the plaintiff to file a traverse, although