## 20967. Wright *et al. v.* Broom *et al.*

Jenkins, P. J.  1. Judges of the superior court "can not exercise any power out of term time, except the authority is expressly granted; but they may, by order granted in term, render a judgment in vacation."  Civil Code (1910), § 4854.  It follows that "what purports to be a consent decree having been entered in vacation, and there being no order in term authorizing the decree to be so entered, and the same not having been entered at a time and place fixed under the provisions of the Civil Code [of 1895], § 4323 [Code of 1910, § 4852] et seq., it is inoperative as a judgment of the court, for the reason that the judge was without authority to enter the same."  *Sapp* v. *Williamson,* 128 *Ga.* 743, 749 (58 S. E. 447).

2. Under the foregoing ruling, the judgment for costs, taken in a consent decree entered in vacation, does not support a fi. fa. as against an affidavit of illegality setting up such facts. While it is the general rule that where a judgment has not been entered on a verdict at the proper time, the court may on proper application allow this to be done nunc pro tunc at a later date, and such action will generally operate so as to relate back to the time when it should have been entered (*Walden* v. *Walden*, 128 *Ga.* 126 (9), 57 S. E. 323), in the instant case, the original judgment being wholly void, for the reason that the judge was without authority or jurisdiction to enter the same, the order taken nunc pro tunc on the trial of the affidavit of illegality, merely seeking to impart life into the original void judgment, could not have the effect of rendering the void judgment valid. The court erred in overruling the affidavit of illegality.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1931.

*William E. Mann, W. Gordon Mann,* for plaintiffs in error.
*Rosser & Shaw,* contra.

