22324.  BANKERS HEALTH & LIFE INSURANCE CO. *v.* JAMES.

Decided June 14, 1932.

*Hay & Gainey,* for plaintiff in error.
*James B. Burch,* contra.

LUKE, J.  The case of Katie James against Bankers Health and Life Insurance Company, pending upon a writ of certiorari in the superior court of Thomas county, was called for hearing by the judge of said court at Valdosta, in Lowndes county. The plaintiff in certiorari (the insurance company) objected to the hearing at that time and place, upon the grounds that the court was then in vacation; that a hearing had not been fixed for that time and place by order of the judge or upon the application of either party, or counsel for either party, and that no notice in writing had been given to the plaintiff in certiorari, or its attorney, by the opposite party, or her attorney, of such proposed hearing, in compliance with the provisions of the Civil Code (1910), § 4853.

The trial judge held that the October term, 1931, of the superior court of Thomas county was still open, that the case was ready for hearing, and proceeded to hear the same, on February 20, 1932, at Valdosta, in Lowndes county. To this ruling timely exception was taken. An order was passed overruling the petition

for certiorari and awarding judgment in favor of Katie James and against the insurance company and its surety on the bond given. Exception was taken to this order and judgment.

The bill of exceptions assigns error on the judgment overruling the certiorari, upon each of the following grounds:

(1) Because rendered in vacation and without any authority for hearing same in vacation. (2) Because each and every assignment of error in said petition for certiorari was meritorious and the certiorari should have been sustained generally.

In support of the first of these two assignments of error, counsel for the plaintiff in error contends that the October term, 1931, of Thomas superior court, without a formal adjournment order, stood adjourned by operation of law before the instant case was heard. Ga. L. 1873, p. 56: Thomas court shall be held on the third weeks in April and October, and shall be held for two weeks. See *Gilley* v. *Gilley,* 44 *Ga. App.* 818 (163 S. E. 241). And counsel contend that the judgment is void because rendered in vacation without any previous order of the court or compliance by either party with the provisions of the Civil Code (1910), § 4853. It is also urged that the judgment is void because the case was one pending in Thomas superior court and was triable in that court alone, while the judgment was rendered in Lowndes county. Civil Code (1910), § 4840.

It is true, as urged in reply to these contentions by counsel for defendant in error, that the bill of exceptions shows that the trial judge did not render his judgment in vacation; that no order was passed adjourning the term of Thomas superior court to which the certiorari was returnable; and that counsel for the plaintiff. in error was present when the judgment complained of was ren-dered. But none of these facts, nor the additional fact, urged with so much emphasis, that the sum of money here involved is insignificant, seems to this court to furnish any solid ground upon which to base a decision that might be construed to sanction the right of the trial judge of Thomas superior court to hold and conduct the proceedings of that court in some place other than the county-site of the county of such court, in contravention of the express provision of the statute. (§ 4840, supra.) We do not think that such right may be conferred even by the consent of the parties. Hence, the presence of counsel and his par-

ticipation in the hearing may not be held to have waived the error.

We hold that the acts complained of were coram non judice; and that the judgment complained of is void. In the circumstances, it becomes unnecessary to pass upon any question raised by the second assignment of error in the bill of exceptions.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*