INGRAHAM, administrator, *et al.* *v.* REYNOLDS, administrator.

No. 9269.   MARCH 20, 1933.

*Abram Levy,* for plaintiffs.

*W. K. Miller* and *W. M. Howard,* for defendant.

HILL, J. The answer must be in reply to the question as asked. This court has said that it is not required to look into the record to ascertain additional facts, but will merely answer the questions properly framed as they are stated. *Hubbard* v. *Bibb Brokerage Co.,* 172 *Ga.* 520, 524. *Georgian Co.* v. *Jones,* 154 *Ga.* 762, 763.

The jurisdiction conferred upon the court of ordinary in citations for settlement, etc., "is statutory, not constitutional." *Echols* v. *Almon,* 77 *Ga.* 330 (1 S. E. 269). The superior court on the trial of an appeal from the court of ordinary has no broader powers than the court of ordinary itself has. *Lester* v. *Toole,* 20 *Ga. App.* 381, 390 (93 S. E. 55). "Originally an action at law can not be changed into a suit in equity, or vice versa." 1 C. J. 1007, § 131. An equitable defense may be interposed in an action at law, but such a defense does not change the nature of the action. Ib. See *Arnold* v. *Water Power & Mining Co.,* 147 *Ga.* 91 (92 S. E. 889), where it was held: "Where a dispossessory warrant is sued out to evict a tenant, who files a counter-affidavit alleging facts which are only defensive in character, and no equitable or affirmative relief is prayed, the action is a statutory one falling within the jurisdiction of the Court of Appeals, and not within the jurisdiction of the Supreme Court." It requires proper pleadings in the superior court to change an action from one at law to one in equity. The question propounded by the Court of Appeals does not indicate that such pleadings were filed, the nature of which would change the character of the action from one of citation for settlement into an equitable action. It is well settled that the appointment of an auditor may

be a common-law function, and such appointment does not convert a common-law action into one in equity. And the mere entering of a "judgment and decree" affirming the report of the auditor to the effect that the administrator had fully administered the estate, etc., without such judgment and decree being founded on proper pleadings, would not convert the action into an equitable one. See 33 C. J. 1132, § 87; *Evans* v. *Thompson,* 143 *Ga.* 61 (84 S. E. 128) ; *Wheeler* v. *Horne,* 136 *Ga.* 486 (71 S. E. 901) ; *Milner* v. *Mutual Benefit B. & L. Asso.,* 104 *Ga.* 101 (30 S. E. 648) ; *Mc-Daniel* v. *Mitchell,* 95 *Ga.* 40 (21 S. E. 993) ; *Strickland* v. *Strickland,* 147 *Ga.* 494 (94 S. E. 766) ; *Carson* v. *Forsyth,* 94 *Ga.* 617 (7) (20 S. E. 116). Merely calling the judgment a "decree" does not convert an action at law into one in equity. We conclude that the Court of Appeals, and not the Supreme Court, has jurisdiction of this case, and that the first question must be answered in the affirmative.

The second question must be answered in the negative; that is, that it is not necessary that the attorneys who were allowed certain fees and costs should be parties to the bill of exceptions. They were not parties in the court below; and while they may be interested in the result of the suit, they are not necessary parties to the bill of exceptions. See *Mohr-Weil Lumber Co.* v. *Russell,* 109 *Ga.* 579 (34 S. E. 1005).

*Answers (1) affirmative; (2) negative. All the Justices concur.*