21849. INGRAHAM, administrator, *et al.* v. REYNOLDS, administrator.

DECIDED MAY 29, 1933.

*Abram Levy,* for plaintiffs in error.

*William M. Howard, William K. Miller, N. M. Reynolds,* contra.

JENKINS, P. J. The heirs of an intestate filed in the court of ordinary of Richmond county a caveat to returns made by the administrator, and embodied in the caveat a prayer for his removal on account of alleged waste and mismanagement. At the hearing the ordinary sustained a portion of the caveators' contentions, but

refused to order a removal of the administrator, and reserved for future decision the contention that the commissions of the administrator had been forfeited by the failure to make regular annual returns. The administrator entered an appeal to the superior court, and there the case was referred to an auditor. The auditor found in favor of the administrator on the questions in dispute, whereupon the heirs filed exceptions of law and fact to the auditor's report on the issues involved, as being "contrary to the evidence," and "against the weight of the evidence." The exceptions concluded with the prayer that they be submitted to a jury, and that the exceptions of law be sustained. The administrator moved to dismiss the exceptions, on the ground that, the case being one in equity, the exceptions were not sufficiently specific, in that they failed to contain or refer to the evidence relied on. The court sustained this motion and dismissed the exceptions. Exceptions pendente lite were taken by the heirs to this judgment, reciting that the court erred in dismissing the exceptions to the auditor's report and in deciding that the case was an equity case and not one at law and that the exceptions were not sufficiently specific. No exception to the failure of the court to submit to a jury the exceptions of fact to the auditor's report was taken in the exceptions pendente lite or in the main bill of exceptions, but the order dismissing these exceptions to the report is, however, properly questioned. The court proceeded to hear testimony as to the allowance of fees to attorneys for the administrator in the litigation, and passed what the court designated as a "judgment and decree," confirming the report of the auditor and making it "the judgment and decree of the court," and in effect approving a return of the administrator, which the judgment recites as having been filed in the court of ordinary on January 1, 1927 (after the appeal from that court), approving and fixing expense items of the administrator, awarding fees to his attorneys, and entering a judgment in favor of the administrator against the heirs for a balance due him according to a memorandum statement of account of the administrator, attached to the judgment, which is entitled "final returns," but is unsigned, not sworn to and not supported by vouchers, directing that the attorney's fees and court costs be paid from a fund of $1,889.24 in the hands of the clerk of the court, "belonging to said estate and to said heirs at law," and that the judgment in favor of the administrator be a

"special lien" on this fund, and in effect winding up the estate and dismissing and discharging the administrator from further duties. Error is also assigned by the plaintiffs in error (the heirs, caveators in the court below) on all these provisions of the final judgment.

■ Under the answer of the Supreme Court to a question certified to it in this case, the proceeding is one at law and not in equity, where the heirs at law of an intestate filed a caveat to an annual return of the administrator, alleging mismanagement of the estate on the part of the administrator, and praying for his removal, and where, upon the filing of such caveat and petition for removal, the ordinary cited the administrator to a settlement of his accounts, and upon a hearing thereof approved the return of the administrator in part and disapproved it in part, refused the prayer for removal of the administrator, and reserved for future decision a contention made by the caveators that the administrator had forfeited all commissions by failing to make regular annual returns, and where, on appeal to the superior court by the administrator, the case was referred to an auditor, who found in favor of the administrator upon all issues involved, and the caveators filed exceptions of law and of fact to the report of the auditor, which exceptions were dismissed and overruled by the trial judge in the superior court on the ground that the case was one in equity, in which the parties dissatisfied with the findings of the auditor were not entitled, as a matter of right, to have the jury pass upon their exceptions of fact without the approval of the judge, and where the judge of the superior court thereafter entered a "judgment and decree" confirming the report of the auditor, and finding that the administrator had fully administered the estate, and directing that the balance found to be due the administrator be paid out of a special fund arising from the estate, which had been impounded in the hands of the clerk of the superior court, and that stipulated fees be also paid to counsel for the administrator out of such fund, and that the administrator "be and he is hereby discharged as administrator of said estate;" it further appearing that the pleadings can not be construed as themselves invoking any specific equitable relief. *Ingraham* v. *Reynolds,* 176 *Ga.* 772 (168 S. E. 875).

■ Under the answer of the Supreme Court to the additional question propounded to it in this case, it was not necessary that the attorneys for the defendant in error, to whom the court below al-

lowed fees for representing him as administrator, and to which award of fees plaintiffs in error except in addition to other exceptions, should be made parties to the bill of exceptions. The motion to dismiss the writ of error on the ground that they are necessary parties is therefore denied. *Ingraham* v. *Reynolds, supra.*

■ The strictness of the rule in equity cases as to the fullness and completeness of exceptions to an auditor's report (*Brock* v. *Wildey,* 132 *Ga.* 19 (3), 63 S. E. 794) does not obtain in cases at law, and an exception which distinctly points out the finding of the auditor on a given issue, and then avers that it is "contrary to the evidence," is sufficiently definite to raise an issue, in a case at law, for determination by a jury. *Johnson* v. *Cairo,* 27 *Ga. App.* 125 (2) (107 S. E. 551), and cit. See also *Bird* v. *South Ga. Industrial Co.,* 150 *Ga.* 421.(104 S. E. 232). The instant case, under the rulings of the Supreme Court, being one at law, and the exceptions of fact to the auditor's report, under the rule stated above, being sufficient in form to be submitted to a jury as required under the Civil Code (1910), § 5441, it was error to dismiss such exceptions as not sufficiently specific.

■ The error in dismissing the exceptions to the auditor's report having rendered the subsequent proceedings nugatory, it is unnecessary for this court to pass upon the additional exceptions to the final "judgment and decree," in a proceeding held to be at law, fixing and awarding attorneys' fees, court costs, and expenses of the administrator, from a fund in the hands of the clerk of the trial court, rendering a money judgment against the heirs as appellees on the appeal of the administrator from the judgment of the court of ordinary, and in effect winding up the estate handled by the administrator and granting his dismission.

*Judgment reversed.* *Stephens and Sutton, JJ., concur.*