23717. ATLANTIC COAST LINE RAILROAD COMPANY
*v.* DEVERO.

DECIDED MARCH 16, 1934.

*Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiff in error.
*Oliver & Oliver,* contra.

SUTTON, J. Plaintiff brought suit against the defendant railroad company for damages. The action was returnable to the May term, 1933, of Bryan superior court. That court has two terms a year, one beginning on the first Monday in May, and the other beginning on the first Monday in November. Ga. L. 1933, p. 1205. The defendant filed a demurrer to the plaintiff's petition. In July, 1933, the demurrer came on for a hearing. It does not appear that any order was granted during the May term of the court, giving the judge authority to pass upon the demurrer in vacation, nor does it appear that the May term of court had been extended or held open until July, 1933. The judge took the matter under advisement, and on October 14, 1933, passed an order sustaining the demurrer. This order was filed with the clerk of the court. On October 20, 1933, the judge passed an order vacating and setting aside the order of October 14, and gave to the plaintiff leave to amend her petition, subject to further demurrer. On November 2, 1933, the defendant moved the court to set aside the order of October 20, 1933, as improvidently granted, and the court overruled this motion. The defendant excepts to the order of the judge of October 20, 1933, vacating the order of October 14, 1933, sustaining the demurrer, and to the order of November 2, 1933, overruling its motion to set aside the order of October 20, 1933.

1. A judgment rendered in vacation, sustaining a demurrer, without any order passed in term time setting the hearing, is void (when there is no compliance with Code section 4852 and 4853 as to bringing on a hearing). Civil Code (1910), § 4854; *Wright* v. *Broom,* 43 *Ga. App.* 269 (158 S. E. 443); *Kelley* v.

*Pafford,* 31 *Ga. App.* 697 (121 S. E. 866); *Lott* v. *Wood,* 135 *Ga.* 821 (70 S. E. 661); *Napier* v. *Heilker,* 115 *Ga.* 168 (41 S. E. 689). The plaintiff did not except to the judgment rendered October 14, 1933, sustaining the demurrer, but made a motion to vacate and set. aside the judgment. This motion was made in vacation, and the judge on October 20, 1933, in vacation, sustained the motion and vacated the judgment sustaining the demurrer. "A judge of the superior court has no authority to entertain a motion made in vacation to set aside a judgment of that court." The motion to vacate the judgment in this case should have been dismissed. *Davis* v. *Bennett,* 158 *Ga.* 368 (123 S. E. 11). It follows that the court erred in sustaining the motion to vacate the judgment on the demurrer and in refusing to set aside said order vacating the judgment on demurrer aforesaid.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*