REYNOLDS, administrator, v. INGRAHAM, administrator, et al.

No. 10089.   SEPTEMBER 14, 1934.   REHEARING DENIED SEPTEMBER 25, 1934.

*William K. Miller,* for plaintiff.

*Abram Levy* and *Dorothy I. Levy,* for defendants.

ATKINSON, J.   An administrator of the estate of a deceased person was appointed in Richmond County.   After partial administration, the heirs at law, some of whom resided within the State outside of Richmond County, and the only other one resided outside of the State, employed an attorney at law residing in Richmond County upon a contingent fee of one fourth of whatever he might recover in winding up the estate.   Under such employment the attorney in the names of the heirs interposed objections to returns made by the administrator to the ordinary of Richmond County in February, 1923, and in August, 1924.   The complaint related to several matters of mismanagement and failure to act, including failure to collect a judgment which the administrator had obtained on three purchase-money notes for $7000 each, which the intestate had received from Jones, to whom he had executed a bond for title embracing lands in Columbia County.   An appeal to the superior court was taken from the judgment of the ordinary.   The case was referred to an auditor, who found for the administrator.   Excep-

tions to the auditor's report were filed by the heirs of the decedent. While the exceptions were pending, the administrator caused the land in Columbia County to be sold by the sheriff at the February sales, 1926, under the execution based on the judgment for purchase-money. The heirs at law, acting through their attorney, became the successful bidders at the price of $5750. An agreement was then made between the administrator and the attorney in behalf of the heirs at law, that, instead of paying the amount of the bid in cash, the administrator would allow the sheriff to make the heirs a deed to the land, and that the heirs in lieu of paying the money would give the administrator "a full release and acquittance and equalizing vouchers from all of said heirs" for the $5750, so that the administrator "could account for said land to each heir, the same as if money had been paid him therefor;" and that the administrator "should turn over said execution" to the attorney "for such collection as he could make," and the administrator should be "relieved from all duties in connection therewith." The agreement was fully carried out by the administrator, and the heirs took possession of the land and subsequently sold the greater part of it. The attorney and heirs at law failed to furnish the administrator with "releases and equalizing vouchers as agreed to be done," but on the contrary continued to press the objections to the returns as if no such agreement had been made. A dispute had arisen between the heirs as to the amount each should receive in distribution of the land; and the administrator was in doubt, and required direction from the court should the above agreement not be enforced. This change of condition was not then formally brought into the case. However, the judge, considering the case as one in equity, overruled the exceptions and confirmed the auditor's report without submitting the exceptions of fact to the jury. On writ of error to the Court of Appeals it was held that the case was one at law, and the judgment of the trial court was reversed. *Ingraham* v. *Reynolds*, 176 *Ga.* 772 (168 S. E. 875), 47 *Ga. App.* 67 (169 S. E. 679). Before the judgment of the Court of Appeals was made the judgment of the trial court, the administrator, on August 28, 1933, instituted an action in the superior court against the heirs at law and their attorney at law, alleging substantially all that is stated above, and praying (a) for specific performance of the above mentioned contract by the attorney at law and each of the heirs at law;

(b) to enjoin further proceeding of the case at law, and to consolidate that case with the instant case in equity; (c) for direction and for marshaling assets of the estate; (d) for process against each defendant, including the non-resident heir at law represented in court by an attorney residing in the county; and for general relief. The exception is to a judgment dismissing the case on demurrer.

■ The allegations of the petition charge a contingent interest of the attorney in the subject-matter of the suit; and though contingent upon recovery for his clients, it was a substantial interest in the property alleged to be in the hands of the administrator for distribution among the heirs, and afforded grounds for substantial equitable relief against the attorney, within the meaning of article 6, section 16, paragraph 3, of the constitution (Civil Code, § 6540) and the statute (§ 5527), requiring suits in equity to be tried in the county of the residence of one of the defendants against whom substantial relief is prayed. The case differs on its facts from *Martin* v. *Gaissert*, 134 *Ga.* 34 (67 S. E. 536), and similar cases, in which there was no such contingent interest and admissions by the administrator as to the right of clients to the property in question. The suit instituted by the administrator against the heirs at law and their attorney individually was in equity, and the venue was properly laid in the county of the residence of the attorney at law.

■ The petition alleged a common interest in all of the defendants in the subject-matter of the suit, and was not demurrable on the ground of multifariousness.

■ The petition alleged sufficient ground for specific performance of the contract to execute to the administrator "a full release and acquittance and equalizing vouchers from all of said heirs."

■ "The superior courts of this State, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." Civil Code, § 5406. "Any person desiring to obtain equitable relief in the superior court may, in a separate suit for that purpose, or in connection with a suit claiming only such remedy or relief as is administered in courts of common law, claim equitable relief by appropriate and sufficient

pleadings, and obtain the equitable relief proper in the case." § 5407. Under these broad powers the superior court in the instant case, having jurisdiction to grant affirmative equitable relief as just indicated, had jurisdiction also to stay further proceedings in the case on appeal from the court of ordinary, and by consolidation to cause issues therein made to be tried in the equity suit for specific performance, in order that all of the rights of the parties in respect to the property in question could be adjudicated in one action. The right to specific performance arose after the case on appeal from the ordinary had been passed on by the auditor. The assertion of such right does not require interference with the findings of the auditor upon the questions to which they relate; nor is the assertion of such right before final determination of the case in which the auditor was appointed barred by the statute of limitations. In the circumstances it was not within the discretion of the judge to refuse to entertain the equitable petition for specific performance and consolidation of the cases.

■ "In cases of difficulty in construing wills, or in distributing estates, in ascertaining the persons entitled, or in determining under what law property should be divided, the representative may ask the direction of the court, but not on imaginary difficulties or from excessive caution." Civil Code, § 4597; *Gaines* v. *Gaines*, 116 *Ga.* 476 (42 S. E. 763). In the instant case cause was alleged for direction and for marshaling assets. The court erred in disallowing the amendment, and in sustaining the demurrer to the petition.      *Judgment reversed. All the Justices concur.*