26824. WRIGHT *v.* CANNON *et al.*

DECIDED JULY 15, 1938.

*E. L. Smith,* for plaintiff in error. *W. G. Martin,* contra.

STEPHENS, J. This case arose in the city court of Leesburg which has jurisdiction in the County of Lee. Hon. E. W. Feeney, the judge of that court, was disqualified, and Hon. Clayton Jones, judge of the city court of Albany, presided. The suit was brought by J. M. Cannon and others, doing business as "Farmers Exchange," and was an action on an account. One of the defendants, Ed Wright, demurred to the petition, on the ground that it appeared that the plaintiff had not complied with the law in regard to the registration of trade-names. Judge Jones, presiding in court at Leesburg, sustained the demurrer and dismissed the action. Later the plaintiffs presented to Judge Jones at Albany a motion to vacate and set aside the judgment, on the ground that the court had overlooked an act of the General Assembly approved March 29, 1937, relating to the registration of trade-names and repealing the previous law as to penalty for failure to register such names. Ga. L. 1937, p. 804. Upon this motion a rule nisi was entered, calling upon the defendant to show cause at Albany, at a time stated, why the prayers of the motion should not be granted. The defendant appeared at the time and place mentioned, and presented objections in the form of a "plea in abatement" to the motion of the plaintiffs, wherein he contended that the judge was without jurisdiction to entertain the motion, for the reason, among others, that the rule nisi was signed at Albany, and provided for a hearing at the same place, without the limits of Lee County, and provided for such hearing in vacation and not in term time. The defendant also demurred to the motion, on the ground that it set forth no good or lawful reason for setting aside the judgment; and on the further ground that the act of March 29, 1937, was retroactive and contrary to stated provisions of the constitution of this State, as applied to the pre-existing defense of failure of the plaintiffs to register their trade-name. In separate orders the judge overruled the plea in abatement and the demurrer, and by a third order vacated and set aside the previous judgment sustaining the demurrer, and adjudged that the demurrer be overruled. All of these orders were passed at Albany. The defendant Ed Wright excepted.

The judge of the city court of Albany, who presided in the city court of Leesburg because of the disqualification of the regular judge of that court, and who rendered a judgment sustaining a demurrer and dismissing the plaintiffs' petition, had no jurisdiction at a later date in vacation, at Albany, to issue a rule nisi on a motion to vacate and set aside the judgment, or to enter any subsequent order or judgment in pursuance of such rule. It follows that the judge erred in overruling the "plea in abatement," and in passing the other orders to which exceptions were taken. Code, §§ 24-2618, 24-2619; *Chapman* v. *State*, 116 *Ga.* 598 (42 S. E. 999); *Davis* v. *Bennett*, 158 *Ga.* 368 (123 S. E. 11); *Atlantic Coast-Line Railroad Co.* v. *Devero*, 48 *Ga. App.* 800 (173 S. E. 865). The jurisdiction of the city court of Leesburg being limited to Lee County, the orders and judgments entered at Albany, in a different county, were necessarily passed in vacation. Whether or not jurisdiction for such procedure might have been conferred by a valid term order, the rule nisi was not sufficient for this purpose, being itself an order passed at Albany, and therefore in vacation. Ga. L. 1905, p. 266; *Wells* v. *Taylor*, 184 *Ga.* 745 (193 S. E. 175); *Robertson* v. *Robertson*, 176 *Ga.* 602 (168 S. E. 570); *Wright* v. *Broom*, 43 *Ga. App.* 269 (158 S. E. 443). The parties are at issue as to whether the term of the court at which the original judgment was rendered had adjourned or was still in session at the times the several orders were passed. It is immaterial what had become of that term, since, even if the court had not adjourned, all of the orders were entered in vacation.

The judge, not having jurisdiction, erred in sustaining the motion to vacate the judgment sustaining the demurrer to the petition, and in vacating this judgment, and in entering a judgment overruling the demurrer. See *Bankers Health & Life Insurance Co.* v. *James*, 45 *Ga. App.* 346 (164 S. E. 684).

*Judgment reversed. Sutton and Felton, JJ., concur.*