18691. SNELL *et al. v.* LOPEZ.

CANDLER, Justice. As the result of a proceeding instituted in the Court of Ordinary of Thomas County, Georgia, William E. Snell and Louanne Snell were appointed coguardians of the person of Barbara Jo Glisson, a minor four years of age, and letters of guardianship were issued to them on September 19, 1952. Mrs. Betty Jo Glisson Lopez, mother of the minor, on October 22, 1953, filed a petition in the Court of Ordinary of Thomas County, and for reasons therein alleged prayed that the letters of guardianship which had been issued to the Snells be revoked. On the trial and after hearing evidence, the ordinary granted the prayer of the petition. Being dissatisfied with the ordinary's finding and judgment, the defendants appealed to a jury in the Superior Court of Thomas County. There, the defendants pleaded a former judgment rendered in a habeas corpus proceeding between the same parties as a defense in bar of the plaintiff's cause, to which plea both general and special demurrers were interposed by the plaintiff. The defendants moved in writing to dismiss the case upon the ground that the revocation petition affirmatively shows that the child in question was placed in the home of the defendants by the plaintiff under a contract obligating her to pay the defendants $6 per week for the child's board, and it is not alleged that the amount due for such board has either been paid or tendered. On the same ground, the defendants also made an oral motion to dismiss the case. By one order, the trial judge (1) overruled the oral motion to dismiss the case, (2) overruled the demurrers to the plea in bar, (3) "overruled" the plea in bar, and (4) with no pleadings therefor and without hearing any evidence, ordered the defendants as guardians of Barbara Jo Glisson's person to deliver her to the plaintiff until further order of the court. The defendants excepted. *Held:*

As shown above, this litigation was instituted in the Court of Ordinary of Thomas County, a court which has no equity jurisdiction. Code (Ann.) § 2-3901. By her petition the plaintiff sought and prayed for legal relief only; and the character of the plaintiff's case as a proceeding at law has not been changed by any amendment to the pleadings since it was carried to the superior court by appeal. Hence, under the Con-

stitution of this State, the Court of Appeals and not this court has jurisdiction of the writ of error. Code (Ann.) § 2-3704.

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED SEPTEMBER 13, 1954—DECIDED OCTOBER 11, 1954.

*A. J. Whitehurst,* for plaintiffs in error.
*Steve M. Watkins,* contra.