19646. GOODMAN, Executor *v.* LITTLE *et al.*

Submitted March 11, 1957—Decided April 9, 1957.

*J. Walter LeCraw*, for plaintiff in error.
*Wyatt & Morgan, James R. Lewis*, contra.

Almand, Justice. The writ of error in this case was directed to the Court of Appeals, and, by order of that court, was transferred to this court on the ground that this court and not the Court of Appeals had jurisdiction. The case as made by the record is one in which the heirs of Robert L. Hastey filed their petition in the Harris County Court of Ordinary against Bartis Goodman, executor of the Hastey estate, to show cause (a) why his letters of executorship should not be revoked, or (b) why he should not be required to give bond with good security. On May 23, 1955, the ordinary passed an order requiring Goodman to execute immediately a surety bond for $20,000. The heirs entered an appeal to the superior court. On June 13, 1955, certain of the heirs of Hastey filed their petition in the Harris County Court of Ordinary to require Goodman as executor to make an accounting, and to show cause why he should not make a full settlement of the estate. By consent of the parties, this proceeding was appealed to the superior court, and the two appeal cases were consolidated and ordered to proceed under the name and style of the proceeding to remove the executor. On July 24, 1956, the appellants filed their petition in the appeal case pending in the superior court, in which they alleged that the bond of $20,000 was insufficient to protect adequately the heirs from loss, in that the value of the estate that went into the executor's hands was $100,000, and due to the ill health of the executor, the petition for an accounting and removal of the executor could not be heard in the near future. They prayed that the executor be required to show cause why he should not give a bond for twice the value of the estate. The court issued a *rule nisi* and, on a hearing of the rule, the executor's motions to dismiss the petition and for a

jury trial were denied. At the conclusion of the hearing, the court entered an order requiring the executor to secure an additional surety bond in the sum of $80,000 within fifteen days, and, upon his failure to comply, his letters of executorship would be revoked. The executor having failed to give an additional bond, the court revoked the letters of executorship and ordered Goodman to make an accounting to the party or parties entitled thereto. Goodman filed his bill of exceptions assigning error on these orders.

The jurisdiction of the court of ordinary to revoke the letters of executorship (Code §§ 113-1229, 113-1101), and to require the executor to make an accounting and settlement to the heirs (Code §§ 113-2201, 113-2202), is limited to the case as one at law. The superior court on the trial of an appeal from the court of ordinary has no broader powers than the court of ordinary itself had. *Maloy* v. *Maloy*, 134 *Ga.* 432 (68 S. E. 80); *Ingraham* v. *Reynolds*, 176 *Ga.* 772, 773 (168 S. E. 875); *Griffin* v. *Securities Investment Co.*, 181 *Ga.* 455 (182 S. E. 594). The case on appeal from the court of ordinary brings the whole case up for a new hearing. Code §§ 6-201, 6-501. In *Stansell* v. *Massey*, 92 *Ga.* 436 (17 S. E. 821), it was said: "In trying an appeal from a county court, the superior court can reach no result which could not have been reached in the county court had the case been finally disposed of there. It follows that on the trial of such appeal the superior court cannot entertain an equitable petition offered by the defendant as an amendment to a plea of the general issue, which petition contemplates and prays for relief which only a court of equity, or a court of law exercising full equity powers, could administer, such as the rescission of contracts, the cancellation of promissory notes, injunction, etc." In *McDowell* v. *McDowell*, 194 *Ga.* 88 (20 S. E. 2d 602), it was held that this court had no jurisdiction to review an order overruling a demurrer filed by the executor to a petition, pending on appeal in the superior court from the court of ordinary, which prayed for an accounting and for revocation of letters testamentary, and the case was transferred to the Court of Appeals. See also *Dillon* v. *Sills*, 181 *Ga.* 582 (183 S. E. 563); *Snell* v. *Lopez*, 211 *Ga.* 60 (84 S. E. 2d 45).

The case of *McCord* v. *Walton*, 192 *Ga.* 279 (14 S. E. 2d 723), which is relied upon by the defendants in error to sustain their contention that the filing of their petition in the Superior Court, to require the executor to give an additional bond, converted the appeal case into an equity case, does not support them. In that case, while a proceeding was pending in the court of ordinary to require the executor to make an accounting, the plaintiff filed an independent bill in equity against the executor, alleging waste, mismanagement, commingling of funds, and insolvency, together with incompetency from habitual intoxication, and prayed for an accounting, injunction, and the appointment of a receiver. As against a general demurrer, the petition was held to state a cause of action. In the instant case, the defendants in error, in their petition filed in the appeal case, sought no relief other than the relief sought originally in the court of ordinary. It was a case at law both before and after the appeal. The orders complained of are reviewable solely by the Court of Appeals, and the writ of error must be

*Returned to the Court of Appeals. All the Justices concur, except Wyatt, P. J., disqualified.*