## 36746. GOODMAN, Executor v. LITTLE et al.

CARLISLE, J. By the terms of Code § 24-2609 the judges of the the superior courts must hold the superior courts of each circuit at the county site and courthouse (if any) of each county, or other place therein designated by law; and orders passed in one county on matters over which the superior court of another county has jurisdiction are mere nullities. *Rogers* v. *Toccoa Power Co.*, 161 *Ga.* 524 (131 S. E. 517, 44 A. L. R. 534); *Bankers Health & Life Ins. Co.* v. *James*, 45 *Ga. App.* 346 (164 S. E. 684); *Wright* v. *Cannon*, 58 *Ga. App.* 268 (198 S. E. 301) and citations; *Pollard* v. *Lumley*, 66 *Ga. App.* 567 (18 S. E. 2d 575). Consequently, where certain appeals from the Court of Ordinary of Harris County are entered to the Superior Court of Harris County, the trial court is without jurisdiction to pass orders, or to hold hearings concerning such appeals in Muscogee County, and where upon appeal to this court error is assigned on such procedure, the orders so entered will be reversed. See also in this connection, *Smith* v. *Ferrario*, 105 *Ga.* 51 (31 S. E. 38).

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 20, 1957.

*J. Walter LeCraw,* for plaintiff in error.

*Wyatt & Morgan, James R. Lewis,* contra.

On September 3, 1951, Bartis Goodman was duly qualified in Harris County, Georgia, as the executor of the estate of R. L. Hastey. On March 21, 1955, the heirs of R. L. Hastey filed their petition in the Harris County Court of Ordinary against Bartis Goodman to show cause (a) why his letters of executorship should not be revoked, or (b) why he should not be required to give bond with good security. On May 23, 1955, the ordinary passed an order requiring Goodman to execute immediately a surety bond in the amount of $20,000. The heirs entered an appeal to the Superior Court of Harris County. On June 13, 1955, certain of the heirs filed their petition in the Harris County Court of Ordinary to require Goodman as executor to make an accounting, and to show cause why he should not make a full settlement of the estate. By consent of the parties, this proceed-

ing was appealed to the Superior Court of Harris County, and the two appeals were consolidated and ordered to proceed under the name and style of the proceeding to remove the executor. On July 24, 1956, the heirs filed a petition in the appeal case pending in the Superior Court of Harris County, in which they alleged that the bond in the amount of $20,000 was insufficient to protect them adequately from loss, because the value of the estate that had gone into the executor's hands was $100,000 and that due to the poor health of the executor, the petition for an accounting and for the removal of the executor could not be heard in the near future. They prayed that the executor be required to show cause why he should not give a bond in an amount equal to twice the value of the estate. The court issued a rule nisi to be heard at his chambers in Muscogee County and upon a hearing of the rule, and upon a hearing of the executor's motions to dismiss the petition and his petition for a jury trial, the trial court dismissed the motions; and, at the conclusion of the hearing, the court entered an order requiring the executor to give an additional surety bond in the sum of $80,000 with 15 days from September 10, 1956, or upon failure to comply with such orders, his letters of executorship would be revoked. The executor failed to give the requisite additional bond and the trial court at his chambers in Muscogee County on October 9, 1956, revoked the letters of executorship and ordered Goodman to make an accounting to the party or parties entitled thereto. Goodman filed his bill of exceptions assigning error upon each of these orders of the superior court.

Being under the misapprehension that equity had been invoked in the superior court by the heirs at law, this court transferred the bill of exceptions to the Supreme Court. The Supreme Court, however, returned the case to this court with the following opinion:

"The jurisdiction of the court of ordinary to revoke the letters of executorship (Code §§ 113-1229, 113-1101), and to require the executor to make an accounting and settlement to the heirs (Code §§ 113-2201, 113-2202), is limited to the case as one at law. The superior court on the trial of an appeal from the court of ordinary has no broader powers than the court of ordinary itself had.

*Maloy* v. *Maloy,* 134 *Ga.* 432 (68 S. E. 80) ; *Ingraham* v. *Reynolds,* 176 *Ga.* 772, 773 (168 S. E. 875) ; *Griffin* v. *Securities Investment Co.,* 181 *Ga.* 455 (182 S. E. 594). The case on appeal from the court of ordinary brings the whole case up for a new hearing. Code §§ 6-201, 6-501. In *Stansell* v. *Massey,* 92 *Ga.* 436 (17 S. E. 821), it was said: 'In trying an appeal from a county court, the superior court can reach no result which could not have been reached in the county court had the case been finally disposed of there. It follows that on the trial of such appeal the superior court cannot entertain an equitable petition offered by the defendant as an amendment to a plea of the general issue, which petition contemplates and prays for relief which only a court of equity, or a court of law exercising full equity powers, could administer, such as the rescission of contracts, the cancellation of promissory notes, injunction, etc.' In *McDowell* v. *McDowell,* 194 *Ga.* 88 (20 S. E. 2d 602), it was held that this court had no jurisdiction to review an order overruling a demurrer filed by the executor to a petition, pending an appeal in the superior court from the court of ordinary, which prayed for an accounting and for revocation of letters testamentary, and the case was transferred to the Court of Appeals. See also *Dillon* v. *Sills,* 181 *Ga.* 582 (183 S. E. 563) ; *Snell* v. *Lopez,* 211 *Ga.* 60 (84 S. E. 2d 45).

"The case of *McCord* v. *Walton,* 192 *Ga.* 279 (14 S. E. 2d 723), which is relied upon by the defendants in error to sustain their contention that the filing of their petition in the superior court, to require the executor to give an additional bond, converted the appeal case into an equity case, does not support them. In that case, while a proceeding was pending in the court of ordinary to require the executor to make an accounting, the plaintiff filed an independent bill in equity against the executor, alleging waste, mismanagement, commingling of funds, and insolvency, together with incompetency from habitual intoxication, and prayed for an accounting, injunction, and the appointment of a receiver. As against a general demurrer, the petition was held to state a cause of action. In the instant case, the defendants in error, in their petition filed in the appeal case, sought no relief other than the relief sought originally in the court of ordinary. It was a case

at law both before and after the appeal. The orders complained of are reviewable solely by the Court of Appeals, and the writ of error must be returned to the Court of Appeals." *Goodman* v. *Little*, 213 *Ga.* 178 (97 S. E. 2d 567).