96 Ga. App. 110 (1957)
99 S.E.2d 517
GOODMAN, Executor
v.
LITTLE et al.
36746.
Court of Appeals of Georgia.
Decided June 20, 1957.
J. Walter LeCraw, for plaintiff in error.
Wyatt & Morgan, James R. Lewis, contra.
*113 CARLISLE, J.
By the terms of Code § 24-2609 the judges of the the superior courts must hold the superior courts of each circuit at the county site and courthouse (if any) of each county, or other place therein designated by law; and orders passed in one county on matters over which the superior court of another county has jurisdiction are mere nullities. Rogers v. Toccoa Power Co., 161 Ga. 524 (131 S. E. 517, 44 A. L. R. 534); Bankers Health & Life Ins. Co. v. James, 45 Ga. App. 346 (164 S. E. 684); Wright v. Cannon, 58 Ga. App. 268 (198 S. E. 301) and citations; Pollard v. Lumley, 66 Ga. App. 567 (18 S. E. 2d 575). Consequently, where certain appeals from the Court of Ordinary of Harris County are entered to the Superior Court of Harris County, the trial court is without jurisdiction to pass orders, or to hold hearings concerning such appeals in Muscogee County, and where upon appeal to this court error is assigned on such procedure, the orders so entered will be reversed. See also in this connection, Smith v. Ferrario, 105 Ga. 51 (31 S. E. 38).
Judgment reversed. Gardner, P. J., and Townsend, J., concur.