## 20675. VICTORIA CORPORATION *v.* ATLANTA MERCHANDISE MART, INC., *et al.*

WYATT, Presiding Judge. The writ of error in this case was directed to the Court of Appeals, and by its order, was transferred to this court on the ground that the Supreme Court and not the Court of Appeals had jurisdiction. The case made by the record is one in which Victoria Corporation filed an appeal from the decision of the Atlanta-Fulton County Joint Board of Adjustment to the superior court protesting the grant of certain variances from the zoning ordinances. Victoria Cor-

poration made no appearance before the said board, but entered an appeal as a person "having a substantial interest" in the decision that had been made. The judge of the superior court upon motion dismissed the proceeding on the ground that the plaintiff in error failed to show the "substantial interest" required by law to attack the decision of the Board of Adjustment; no other question was decided by the judge of the superior court. This proceeding is governed by the terms of the act of the General Assembly, 1946, p. 191 et seq. This act provides (p. 199): "The findings of fact by said board of adjustment shall be final and conclusive on such appeal. In determining the questions presented by the appeal, the court shall determine only whether the decision of the board of adjustment is correct as a matter of law. . . A supersedeas may be granted by the court upon such terms and conditions as may seem reasonable and proper." The appeal contained a prayer for injunction against the building inspector to prevent him from granting a building permit, and against Atlanta Merchandise Mart, Inc., to prevent it from constructing the building in question. It is readily apparent that this is strictly a law case, and the fact that there is a prayer for injunction that has never been acted upon does not make the case anything but a law case. This court has many times held that, on appeal to the superior court, that court has no broader powers than the court from which the appeal was entered, and, in cases where equitable features are sought to be injected solely by the appeal, has transferred the cases to the Court of Appeals. See *Goodman* v. *Little*, 213 *Ga.* 178 (97 S. E. 2d 567), and *Griffin* v. *Securities Investment Co.*, 181 *Ga.* 455 (182 S. E. 594). In *McDowell* v. *McDowell*, 194 *Ga.* 88, 93 (20 S. E. 2d 602), Justice Bell, speaking for the court, said: "While it has been held that jurisdiction of the supreme court is not limited to good cases in equity, but will embrace both good and bad equity cases (*O'Callaghan* v. *Bank of Eastman*, 180 *Ga.* 812, 817, 180 S. E. 847), and the same rule might be applied to an action seeking construction of a will, yet a petition in a court of ordinary or other court, for relief which for want of jurisdiction of the subject matter the court is powerless either to grant or refuse, could not *as to such relief* be considered as a *case of any kind*, either good or bad, since to that extent it would be a complete nullity, as much so as if it were addressed to no

court or tribunal whatever." It follows from what has been said above that the Court of Appeals has jurisdiction of this case and that it must be

*Returned to the Court of Appeals. All the Justices concur.*

ARGUED OCTOBER 14, 1959—DECIDED NOVEMBER 4, 1959.

*Robt. G. Young, Heyman, Abram & Young,* for plaintiff in error.

*Calhoun & Calhoun, Foy L. Hood, Robert S. Wiggins, J. C. Savage,* contra.