## 47470. LOGAN v. NUNNELLY et al.

QUILLIAN, Judge. On March 24, 1971, Ruby C. Logan filed an application for permanent letters of administration on the estate of Charlie T. Logan, her deceased husband.

On April 20, 1971, Alice Lee Nunnelly and Helen

Stephens filed a caveat to the application for permanent letters of administration. The caveat alleged that Charlie Logan was lawfully married to Ethel Harper on September 9, 1927, in Gilmer County, Georgia; that Ethel Harper Logan was still in life and that the marriage of Charlie Logan to Ethel Harper had never been dissolved by divorce or annulment. Hence, the caveators contend that the applicant was never lawfully married to Charlie Logan and that she was not his widow. Thus, she was not entitled to permanent letters of administration on his estate.

The case came on for hearing before the Court of Ordinary of Gilmer County. The court entered an order sustaining the caveat and denying the application of the applicant to be appointed permanent administratrix.

Applicant appealed to the Gilmer Superior Court and the case was tried before a jury which returned a verdict in favor of the caveators. The trial judge in the final judgment provided that the decree of divorce dated February 11, 1927 in the case of Charlie T. Logan v. Ethel Logan (No. 38690 in the Circuit Court of Hamilton County, Tennessee) be declared null and void; that Ruby C. Logan was not the lawful widow of Charlie T. Logan; that the applicant was not entitled to be appointed permanent administratrix of his estate. From this judgment applicant appeals to this court. *Held:*

Code § 110-701 repealed by the Civil Practice Act (Code Ann. § 81A-201 (jj); Ga. L. 1966, pp. 609, 687; 1967, pp. 226, 242, 243, 246, 247, 249) provided: "A void judgment may be attacked in any court and by any person." See Code § 110-708 and § 110-709 (still in effect). In construing Code § 110-701, the Supreme Court held: "A domestic judgment can not be collaterally attacked as void, unless its invalidity appears on the face of the record." *Thomas v. Lambert,* 187 Ga. 616 (1) (1 SE2d

443). See *Owenby v. Stancil*, 190 Ga. 50, 58 (6) (8 SE2d 7). As to judgments of other states, it was held that a judgment "rendered by a court having jurisdiction of the subject matter and apparently legal on its face, when offered as evidence in a cause pending in this State, can not be collaterally impeached for fraud." *Alabama Great Southern R. Co. v. Hill*, 139 Ga. 224 (3) (76 SE 1001, 43 LRA (NS) 236, AC 1914D 996). See *Wood v. Wood*, 200 Ga. 796, 800 (38 SE2d 545).

In *Patterson v. Patterson*, 208 Ga. 7, 10 (64 SE2d 441), the Supreme Court thoroughly discussed the effect of Williams v. North Carolina, 317 U. S. 287 (63 SC 207, 87 LE 279, 143 ALR 1273), and held under "the rule prevailing in this State, that a decree of divorce obtained by a husband in another State, wherein service was perfected on the wife, a resident of this State, by publication, and in which the plaintiff in such foreign judgment was not in fact a bona fide resident of the State in which the judgment was rendered, could be attacked collaterally for fraud when offered in the courts of this State, as a bar to the wife's action for alimony." Following the second Williams case, 325 U. S. 226 (65 SC 1092, 89 LE 1577, 157 ALR 1366), the court recognized that a decree might be collaterally attacked "by proof that the court which rendered it had no jurisdiction of the parties or cause of action, even though the record of the proceedings in the foreign court purported to show jurisdiction." However, the Supreme Court pointed out that the burden was upon the party asserting the invalidity of the out-of-state decree to show that it was not binding and that the jurisdiction of the out-of-state court is to be presumed until it is proved by evidence or the record itself.

Under Section 60 of the Civil Practice Act (Code Ann. § 81A-160 (a); Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240) our law now provides: "A judgment void on its face

may be attacked in any court by any person. In all other instances, judgments shall be subject to attack only by a direct proceeding brought for that purpose in one of the methods hereinafter prescribed." Construing this section and giving due regard to the full faith and credit provision of the United States Constitution (Art. IV, Sec. I), Section 60 of the Civil Practice Act would apply to both domestic judgments and judgments from other states. Since the judgment in the case sub judice did not show on its face that it was void for lack of jurisdiction of the subject matter or of the parties it would only be subject to direct attack and more specifically to a complaint in equity under Section 60 (e) of the Civil Practice Act (Code Ann. § 81A-160 (e); Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240).

In this case the caveators did not specifically include a prayer for equitable relief; however, they did seek to vitiate a prior Tennessee divorce decree and introduced evidence to show its invalidity. Moreover, the trial judge in his formal decree declared the judgment to be void.

Under Section 54 of the Civil Practice Act (Code Ann. § 81A-154 (c); Ga. L. 1966, pp. 609, 658): "Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." Recognizing this Section and Section 15 of the Civil Practice Act, the Supreme Court has held that, where the issue is raised, the trial court is authorized to grant equitable relief though not specifically prayed for. *Ward v. National Dairy &c. Corp.*, 224 Ga. 241, 244 (1) (161 SE2d 305); *Brown v. Leggitt*, 226 Ga. 366, 367 (1) (174 SE2d 889). Since this case involves a complaint in equity, the Supreme Court has jurisdiction.

*Transferred to the Supreme Court. Hall, P. J., and Pannell, J., concur.*

SUBMITTED SEPTEMBER 11, 1972 — DECIDED FEBRUARY 2, 1973.

*Frank M. Gleason, Ross L. Hatcher, III,* for appellant.
*Herman J. Spence, Bobby C. Milam,* for appellees.