## 27845. LOGAN v. NUNNELLY.

HAWES, Justice. This case originated when Ruby C. Logan filed in the court of ordinary an application to be appointed permanent administratrix on the estate of Charlie T. Logan. The caveat of Alice Lee Nunnelly and Helen Stephens filed thereto was sustained and on appeal to a jury in the superior court the verdict and judgment was likewise in favor of the caveatrices. The ground upon which the caveat was sustained was that the applicant was not the lawful widow of Charlie Logan. In entering its judgment in favor of the caveatrices, the superior court decreed and determined that a certain divorce decree in the case of Charles T. Logan v. Ethel Logan entered in the Superior Court of Hamilton County, Tennessee, is void and a nullity and the court further determined and decreed that by reason of that determination Ruby Logan is not the lawful widow of Charlie T. Logan. The case was appealed to the Court of Appeals and was by that court transferred to this court. See *Logan v. Nunnelly,* 128 Ga. App. 43 (195 SE2d 659), for a more complete statement of the facts.

The appeal must be returned to the Court of Appeals. The case is not one in equity. It originated in the court of ordinary which does not have general equity jurisdiction. On appeal the jurisdiction of the superior court was no greater than that of the court of ordinary. It cannot be seriously questioned that the court of ordinary may not entertain a complaint in equity. Nothing in the Civil Practice Act can be construed as authorizing the superior court to entertain a complaint

in equity in a case on appeal from the court of ordinary. The principles upon which we base this decision are fully set forth in *McDowell v. McDowell,* 194 Ga. 88 (20 SE2d 602). See also *Darnell v. Tate,* 208 Ga. 23 (64 SE2d 582); *Snell v. Lopez,* 211 Ga. 60 (84 SE2d 45); *Goodman v. Little,* 213 Ga. 178 (97 SE2d 567); *Victoria Corp. v. Atlanta Merchandise Mart.,* 215 Ga. 568 (111 SE2d 374).

*Returned to the Court of Appeals. All the Justices concur.*
SUBMITTED APRIL 9, 1973 — DECIDED MAY 10, 1973.

*Frank M. Gleason, Ross L. Hatcher, III,* for appellant.
*Herman Spence, Spence & Milam,* for appellees.