48468. LOGAN v. NUNNELLY et al.

QUILLIAN, Judge. For a statement of the facts of this case, see *Logan v. Nunnelly,* 128 Ga. App. 43 (195 SE2d 659). *Held:*

On retransfer to this court the Supreme Court held: "The case is not one in equity. It originated in the court of ordinary which does not have general equity jurisdiction. On appeal the jurisdiction of the superior court was no greater than that of the court of ordinary. It cannot be seriously questioned that the court of ordinary may not entertain a complaint in equity. Nothing in the Civil Practice Act can be construed as authorizing the superior court to entertain a complaint in equity in a case on appeal from the court of ordinary." *Logan v. Nunnelly,* 230 Ga. 588 (198 SE2d 321). Since we have already ruled that the proper method to attack the Tennessee divorce decree was by complaint in equity, the judgment rendered by the trial court in which it declared such decree to be "void" and "a nullity" cannot stand.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*
SUBMITTED SEPTEMBER 10, 1973—DECIDED SEPTEMBER 28, 1973—
REHEARING DENIED OCTOBER 18, 1973 — ▮▮▮▮▮▮▮▮

*Frank M. Gleason, Ross L. Hatcher, III,* for appellant,
*Herman J. Spence, Bobby C. Milam,* for appellees.