### 57362. HUNTER et al. v. HUNTER.

WEBB, Presiding Judge.

It appears that the probate court (then court of ordinary) ordered this action appealed by consent of the parties to the superior court pursuant to Code Ann. § 6-201, but that prior to trial and without benefit of any evidentiary hearing the superior court judge entered an order purporting to adjudicate the issues presented in the

appeal. "The effect of an appeal from the court of ordinary to the superior court as permitted under Code § 6-201 places the matter in the superior court for 'a de novo investigation. It brings up the whole record from the court below, and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not; either party is entitled to be heard on the whole merits of the case.' Code § 6-501. As is stated in *Goodman v. Little,* 213 Ga. 178, 179 (97 SE2d 567) and repeated in the same case in 96 Ga. App. 110, 112 (99 SE2d 517) 'the case on appeal from the court of ordinary brings the whole case up for a new hearing' but with the same jurisdiction as was possessed by the court of ordinary. [Cits.]

" 'Such a case must be tried anew as if no trial had been had. (Citations.) It is not the province of the superior court on such an appeal to review and affirm or review the rulings of the ordinary, but to try the issue anew and pass original judgments on the questions involved as if there had been no previous trial.' *Hall v. First Nat. Bank of Atlanta,* 85 Ga. App. 498 (69 SE2d 679)." *Knowles v. Knowles,* 125 Ga. App. 642, 645 (1) (188 SE2d 800) (1972). See also *Mathews v. Mathews,* 136 Ga. App. 833, 837 (2) (222 SE2d 609) (1975). Accordingly the judgment must be vacated and a de novo hearing held on the issues raised in the appeal.

*Judgment reversed with direction. Banke and Underwood, JJ., concur.*

SUBMITTED MARCH 5, 1979 — DECIDED MARCH 13, 1979.

*David H. Lanner,* for appellants.
John Hunter, *pro se.*