8075, 8076. CHAFIN *v.* TUMLIN; and *vice versa.*

1. This court will not reverse a judgment granting a first new trial, unless it is made to appear that no other verdict than the one rendered could possibly have been returned, under the law and the facts of the case.

2. Under the facts of this case there was no "necessity" for filing and serving on Sunday the bail-trover proceeding.

DECIDED JUNE 29, 1917.

Trover; from Gwinnett superior court—Judge Brand. August 17, 1916.

*C. V. Hohenstein,* for plaintiff. *E. O. Dobbs,* for defendant.

BLOODWORTH, J. 1. "It may be now considered as settled that this court will not under any circumstances reverse a judgment granting a first new trial, whether the grant be general upon all the grounds of the motion or special upon one or more grounds only, or whether it be upon a ground which involves questions of law; unless it is made to appear that no other verdict than the one rendered could possibly have been returned under the law and facts of the case. Unless the case can be brought within the exception just stated, it is useless for parties to bring before this court the judgment of a trial judge granting a first new trial." *Southern Fertilizer &c. Co.* v. *Peacock,* 19 *Ga. App.* 592 (91 S. E. 928), and cit.

2. This was a bail-trover proceeding. In the cross-bill of exceptions it is complained that the judge, to whom by agreement the issues raised by the plea in abatement were submitted, erred in overruling the plea, the grounds of which were: "1. The same

appears to have been filed on Sunday, July 4, 1915, and in fact was filed on that day. 2. The copy of the same was served upon defendant on said day, to wit, Sunday, July 4th, 1915, and said filing and service of civil suits is null and void and of no effect." The defendant insists that by the common law Sunday was "dies non juridicus." That is true, and our Supreme Court has several times so decided. *Sawyer* v. *Cargile, 72 Ga.* 290; *Hayden* v. *Mitchell,* 103 *Ga.* 446 (30 S. E. 287). In the former of the above cases it was said: "Sunday is dies non juridicus, and service can not be made or legal notice given on that day, or the business or work of ordinary callings done;" and this was quoted with approval in the latter case. In the case of *Weldon* v. *Colquitt,* 62 *Ga.* 449 (35 Am. R. 128), a warrant was issued and a court of inquiry held on the Lord's day. In the opinion (p. 452) Mr. Justice Bleckley said: "In Georgia, as in England, Sunday is a holy day. The Code denominates it the Lord's day, and as the Lord's day all courts and magistrates are to consider it. This they are to do as matter of mere law, irrespective of religious obligation and duty. On it there can be performed no judicial labor which does not come fairly within the description of works of necessity or charity. Sunday is no day for trial and judgment, being, by the common law, dies non juridicus. . . The current of decision by this court has been prosabbatic in full measure, and with that current runs, we think, the true law, as well as the general moral sentiment of the people of the State. Courts, high or low, are no less bound to abstain from ordinary labor on the Sabbath day than are private individuals. In a time of peace, and when the magistrates of the country are not overwhelmed with police business, to an extent rendering it impracticable to dispatch the same without encroaching upon the Sabbath, a court of inquiry can not be begun and held on Sunday for the examination and commitment of offenders, not even of Sabbath-breakers, rioters, or disturbers of public worship. Warrants may issue and arrests be made, but examination and trial can not be commenced until Monday. In the record before us there is no trace of any necessity, physical or moral, which made it incumbent upon the magistrate to disregard the legal restraints appertaining to the Sabbath, and engage in the exercise of judicial functions on that day. Doubtless he supposed himself to be in the line of duty, but he was mistaken. All

he did judicially in the premises was absolutely void; and in strict law, he was himself amenable to the penalties of section 4579 of the Code [Penal Code 1910, § 416], as the violator of the Sabbath day, the holdings of the court of inquiry being a part of his ordinary calling as a judicial officer." See also *Bass* v. *Irvin,* 49 *Ga.* 440.

The general law touching Sunday observance in Georgia is found in section 416 of the Penal Code, supra. In deciding against the plea in abatement the judge based his decision upon the idea of necessity; the necessity as alleged in the amendment to the affidavit and the evidence of plaintiff, "as to his fear of the car being gotten out of the way." Section 5150 of the Civil Code of 1910 is as follows: "Where any person who is about to commence an action for the recovery of personal property shall require bail, such person, his agent, or attorney shall make affidavit that the property is in the possession, custody, or control of the defendant, and that he has reason to apprehend that the said personal property has been or will be eloigned or moved away, or will not be forthcoming to answer the judgment, execution, or decree that shall be made in the case; and shall also state in his affidavit the value of the same, and the amount of hire claimed, if any, and add that he does verily and bona fide claim said personal property, or some valuable interest therein." The original affidavit for bail in this case followed this statute, and, after describing the property, alleged that "defendant believes, and is advised, and has reason to apprehend that the same will be eloigned and moved away, and will not be present to answer the judgment, execution, and decree that shall be made in this case." The amendment allowed to this affidavit was as follows: "That it was necessary to file said case on July 4, 1915, a Sunday and legal holiday, on account of the fact that the plaintiff, from his own knowledge, and from the information and belief furnished him by others, had reason to apprehend that the property involved in this case would be moved away and concealed, and would not be available for the purpose of the levy and seizure under the bail affidavit filed in this case unless said petition had been filed on said date. Plaintiff shows that a failure of justice was imminent by reason of the foregoing facts, and it was necessary to file said suit immediately in order to prevent such failure of justice." The allegations in the amendment are

practically the same as in the original affidavit, and as required by the statute quoted above. It would hardly be. claimed that under the original affidavit the sheriff would have a right to execute the bail-process on the Sabbath day, and, inasmuch as practically nothing is added to the original affidavit by the amendment, no such necessity is alleged as would demand action by the sheriff on Sunday, and the judge, to whom the issue on the plea of abatement was submitted by agreement, erred in finding against the plea.

*Judgment on main bill of exceptions affirmed; on cross-bill reversed. Broyles, P. J., and Jenkins, J., concur.*