24332, 24333, 24334. DEVERO *v.* ATLANTIC COAST LINE RAILROAD COMPANY (two cases) ; and *vice versa.*

700

DECIDED AUGUST 5, 1935. REHEARING DENIED SEPTEMBER 5, 1935.

*W. F. Mills, Oliver & Oliver,* for plaintiff.

*Abrahams, Bouhan, Atkinson & Lawrence,* for defendant.

JENKINS, P. J. ■ The controlling questions in the separate main bills of exceptions by a wife and her husband from separate judgments dismissing their separate petitions on general and special demurrers being identical, the cases are determined together. In the case of the wife the cross-bill of exceptions of the defendant is first determined, since it presents a question which might be wholly decisive of the case. The rule recognized in a previous adjudication in that case, that a judgment rendered in vacation, sustaining a demurrer without the passing of any order in term time setting the hearing, is void (see *Atlantic Coast Line R. Co.* v. *Devero,* 48 *Ga. App.* 800, 173 S. E. 865), was not made inoperative by any agreement or estoppel against the plaintiff as to the determination of the cause in vacation. The court therefore did not err in thereafter denying the motion of the defendant to make the

previous judgment sustaining the demurrers to the petition in vacation the present judgment of the court, and in passing upon the demurrers de novo.

■ A railroad company can not be held liable for injuries received by a passenger while being transported over the company's lines by virtue of a gratuitous pass, which exempted the company from liability for injuries caused by ordinary negligence, unless the injuries were inflicted wilfully and wantonly. To authorize a recovery against the company by such a person, it must appear that the conduct of the defendant was such as to evince a wilful intention to inflict such an injury, or else was so reckless or so charged with indifference to the consequences, where human life, limb, or health was involved, as to justify the jury in finding a wantonness equivalent in spirit to actual intent. *Forster* v. *Southern Ry. Co.*, 39 *Ga. App.* 216 (146 S. E. 516) and cit.; *Lanier* v. *Bugg*, 32 *Ga. App.* 294 (123 S. E. 145); *Central of Ga. Ry. Co.* v. *Moore*, 5 *Ga. App.* 562, 565 (63 S. E. 642); *King* v. *Smith*, 47 *Ga. App.* 360, 364 (2) (170 S. E. 546). In the instant suit by the wife of an employee of the railroad company, the petition alleged that she boarded a train upon a statement by an official of the company that a pass for her travel would be issued and placed in the hands of the conductor of the train, so that she might go to another station to visit her sick husband; that the pass was not left with the conductor, although it was received by the plaintiff through the mail on the day after; that upon her failure to pay the fare because she had no money, as she explained to the conductor together with the circumstances relative to the pass, he forcibly ejected her from the train at a station at night, after the depot was closed, and while a heavy rain was falling; and that such acts of the company were due to negligence, and also "the wilful and deliberate act of said conductor in forcibly ejecting [her] from said train . . while a rain was falling, there being no place open to [her] at said station." It appears from the record that the belatedly-received pass contained the usual exemption against liability for negligence. There was no ground of demurrer attacking the averments for duplicity in combining averments of wilful misconduct with averments of ordinary negligence. Accordingly, while the petition failed to state a cause of action in its allegations of ordinary negligence, since the plaintiff's claim for right of transportation with

the incident duty of ordinary care by the company, as distinguished from her claim on account of the wilful misconduct by the conductor, rested upon the alleged agreement to furnish the pass, with the result that she was bound by the terms thereof, the petition was sufficient to withstand the general demurrer in its allegations of wilful misconduct, so as to present a jury question whether the alleged injuries, if proved, were inflicted wilfully and wantonly.

■ It is sought to base the .action both on the alleged negligent acts and on the wilful misconduct of the conductor. The petition can not properly be construed as an action ex contractu upon the pass or upon a breach of the alleged agreement to furnish the pass to the conductor, which fact was set forth by way of explanation and inducement. Therefore it was . not subject to the special grounds of demurrer that it was duplicitous in seeking to recover both in tort and upon a contract, or was deficient in failing to plead the pass, since neither the pass nor the agreement to furnish it was the gist of the action, which consisted in the alleged wilful misconduct by the conductor with reference to the ejection.

■ The demurrers to the petition of the husband to recover for lost services and medical expenses caused by the ejection of his wife are controlled by the foregoing rulings upon the demurrers to her petition. His action, like hers, being ex delicto, there is no merit in the additional contention of the defendant that the husband's cause of action was based upon a contract to deliver a pass to his wife, and that he can not recover because he was not a party to such contract.

■ One who is unlawfully ejected from a train may recover all damages which proximately flow from the expulsion, excluding all damages which, although in some measure traceable to the wrongful act, are not its natural and probable consequence. A recovery of damages sustained, after an illegal ejection, from any resulting peril or exposure, or from a necessary effort to reach a place of security, is proper; but damages arising from needless exposure or unnecessary effort are not recoverable. Any consequential damages also must be lightened so far as this may be done by the use of ordinary care and diligence. The grounds of special demurrer, attacking the alleged acts in the petition of the wife in seeking to return to her home, and her allegations of consequential damage from exposure, present questions of fact rather than law, as to

whether her acts were necessary, whether she exercised ordinary care to avoid exposure or additional exposure after her ejection from the train, and whether the damages claimed were the natural and proximate result of her ejection or of other causes.

*Judgment reversed on main bills of exceptions in both cases. Judgment affirmed on cross-bill of exceptions in case No. 24333. Stephens and Sutton, JJ., concur.*

### ON MOTIONS FOR REHEARING.

JENKINS, P. J. Counsel for the defendant correctly state the theory on which the judgment was reversed, as follows: "The case was reversed upon the ground that 'the petition was sufficient to withstand the general demurrer in its allegations of wilful misconduct, so as to present a jury question whether the alleged injuries, if proved, were inflicted wilfully and wantonly.'" They submit that "a review of the pleadings will not sustain this conclusion;" and that this court should not "seize upon an obscure and entirely inadequate allegation and a theory that has been neglected if not abandoned, in order to re-establish a case fully argued, twice submitted to the lower court, and twice dismissed on demurrer." While counsel have correctly stated the adjudication made by this court, the holding that the petition raised the question of wilful and wanton misconduct was not grounded upon the amount, manner, or degree of force applied by the conductor in ejecting the plaintiff under the circumstances stated, but upon the alleged facts that she, a young woman traveling alone, was required to leave the train on a dark night while a heavy rain was falling, at a small station after the depot was closed, without shelter. Under the facts alleged in this case, the conductor having charge of the train, and it being the duty of the plaintiff riding thereon to obey his positive orders, we do not think the question of what amount of physical force, if any, was applied, is material under the contentions made as to wilful misconduct. The averments with respect to the circumstances of the ejection were in our opinion such as to present a jury question upon the alleged "wilful and deliberate act" of the defendant's agent.

It is true that counsel for the plaintiff, in their briefs and argument, strenuously contended that the status of the plaintiff under the facts narrated was such as to subject the defendant to damages for her ejection, irrespective of any allegation of wilful misconduct.

Various principles of law were urged in support of this proposition. We do not feel authorized to hold, however, that, because counsel made these contentions and stressed them at length, and after full consideration by this court we deemed them without merit, we would be authorized to disregard the averments of the petition, specifically alleging that the act of the defendant's agent was "wilful and deliberate," and setting forth in detail attendant facts such as, if proved, would present an issue for the jury upon the question of wilfulness. While counsel for the plaintiff urged and stressed at length their contentions, with which we have disagreed, on the question of ordinary negligence, they did not fail to set forth in their briefs the averments of their petition charging the act of the defendant's agent as "wilful and deliberate," nor fail to refer in their briefs to the circumstances plead in support of this allegation. After mentioning these, and the failure to furnish the pass, the brief states: "She also asked for damages for the wilful act of the defendant's conductor in forcibly ejecting her from the train at Way's Station, and while a rain was falling, there being no place open to her at the station to avoid the rain." Nor did counsel fail to insist generally that the demurrer was illegally sustained. The brief states: "The defendant's demurrer, both general and special, to plaintiff's petition should be overruled. This case should proceed to trial before a jury." We are not unmindful of the decisions cited by counsel for the movant to the effect that assignments of error which have been abandoned by counsel will not be considered by this court. The demurrer to the petition set forth, among its grounds, that "the petition sets out no cause of action against the defendant," and that the paragraph alleging wilfulness showed "no wilful and deliberate act of the defendant's conductor." The order of the court sustained the demurrers and dismissed the petition upon all grounds. The plaintiff in her bill of exceptions expressly assigned as error that "the court erred in sustaining each of the ten grounds in the original demurrer and each of the three grounds of the demurrer to the petition as amended, because said order and judgment was and is contrary to law." By this assignment the grounds of the defendant's demurrer that the petition set out no cause of action, and showed no "wilful and deliberate act" by the defendant's agent, were presented to this court for determination. It is well settled by statute and adjudication that the

party moving for a new trial, or filing several assignments of error or exceptions, must either argue or generally insist upon those grounds, assignments, or exceptions which he desires this court to consider. But where, as in the instant case, the plaintiff in error has assigned error on the sustaining of a demurrer to a petition upon all of its grounds, and has generally insisted by brief that this judgment was erroneous upon all of the grounds, and that a case was presented which should proceed before a jury, we know of no rule of law or precedent which would permit this court to limit itself to a consideration only of those grounds of demurrer, made by the opposite party, which are argued at length by the plaintiff in error. Where a plaintiff in error upon the sustaining of a demurrer thus insists that his petition sets forth a cause of action and raises issues for a jury, the reasons which he may state in his brief are merely matters of argument.

Of course we do not mean to make any intimation as to the merits of the case; but taking as true each and every averment of the petition, as is our duty on demurrer, we do not feel authorized to hold that the judgment dismissing the petition, which set forth a cause of action, should be affirmed merely because counsel for the plaintiff stressed at length other and different contentions, which were in our opinion without merit.          *Rehearing denied.*