25202. SOUTHLAND LOAN & INVESTMENT COMPANY
*v.* BROWN *et al.*

DECIDED JULY 14, 1936.

*Ezra E. Phillips,* for plaintiff.
*Lowndes Calhoun,* for defendants.

JENKINS, P. J. ■ Every person who seeks to bring himself within the provisions of the "small-loan" act of 1920 (Ga. L. 1920, p. 215; Code of 1933, §§ 25-301 to 25-319 inclusive), so as to be authorized to enforce a contract thereunder, must, among other conditions precedent to such alleged right, show that the contract does not upon its face show any violation of this act or failure to comply with its mandatory provisions. . . In other words, the burden of proof is on the plaintiff to establish the apparent validity of the contract upon which he relies for recovery. *Jobson* v. *Masters,* 32 *Ga. App.* 60 (2), 68 (122 S. E. 724). Section 15 of the act in question (Code, § 25-315) provides that "no licensee shall take any . . power of attorney." Where the contract itself shows a violation of this provision, the licensee-lender is not entitled to a recovery. *Southern Loan Co.* v. *McDaniel,* 50 *Ga. App.* 285 (4), 287 (177 S. E. 834). The loan contract in this case violates section 15 of the "small-loan" act, and falls within the inhibition stated in the above decisions. The instrument contained these express provisions: "The undersigned further agrees that if he or they fail to keep or perform any of the above agreements, or fail to pay said installments promptly when due, the said [lender], its successors or assigns, may take possession of said above-described property *with or without legal proceedings,* and the undersigned agree to deliver possession to said [lender] upon demand, and the [lender], its successors or assigns, may thereafter sell the same anywhere at public or private sale, without notice to the undersigned and credit the net proceeds arising therefrom on this note; the said taking possession and sale shall not abrogate this note or relieve the undersigned from paying the balance owing thereon after said credit; and that the said [lender], its successors or assigns, *may* bid and purchase at said sale and *convey as my agent to the purchaser all my title, right, interest, and equity in and to said property."* The language quoted, and especially the italicized portion, was in effect a power of attorney such as is usually contained in deeds and bills of sale to secure debt, and was within the contemplation of the act. The contention of the lender that the vesting of such authority in the lender was no more than what was already given by law, since under the instrument it would not take effect until after the borrowers sur-

rendered the property to the lender, and thus invested it with full power to deal with and transfer the property as its own, is without merit. The power to sell and convey title as *"agent"* of the *borrowers* was not made conditional only on such a *voluntary* delivery of the property, but was given also after any *involuntary* delivery occurred under the right of the lender to *"take possession of said described property with or without legal proceedings."*

■ The question as to the invalidity of such a loan contract for the reasons stated above was sufficiently presented to the appellate division of the municipal court to warrant its decision in favor of the borrowers, and is sufficiently presented to this court for determination, where in the motion for new trial by the borrowers from the judgment of the trial judge without a jury, in favor of the plaintiff lender suing in trover and claiming title to the property described in the loan contract and bill of sale to secure debt, the defendant borrowers excepted on the general grounds that the judgment was "contrary to law" and was "without evidence to support it," and also on the ground that "the suit was a trover suit, and the evidence did not show title in plaintiff to the property sued for, or right of title in plaintiff to the same, or possession of the property sued for in the plaintiff, or right of possession for the property sued for in the plaintiff;" where in the appeal to the appellate division from the denial of this motion for new trial the defendants assigned error "on each and all of the grounds" thereof; where the contract was not so pleaded in the petition as to be questioned by demurrer, and first appeared as a part of an "agreed statement of facts" on which the case was tried; where the appellate division, upon authority of *Southern Loan Co.* v. *McDaniel,* supra, reversed the judgment of the trial court because the contract contained the prohibited power of attorney, and the plaintiff, acquiring no title or right of possession to the property, could not maintain an action of trover therefor; and where the original plaintiff, the lender, and not the defendants, now in this court excepts and assigns error on the decision of the appellate division in favor of the defendant borrowers. See *Devero* v. *Atlantic Coast Line R. Co.,* 51 *Ga. App.* 699, 703-705 (181 S. E. 421).

*Judgment affirmed. Sutton, J., concurs. Stephens, J., disqualified.*