### 37811. CHEVROLET PARTS DIVISION, GENERAL MOTORS CORPORATION *v.* HARRELL.

CARLISLE, Judge. 1. The right to compensation under the Workmen's Compensation Act is forever barred unless a claim is filed with the State Board of Workmen's Compensation within one year from the date of the accident. Code § 114-305.

2. The provisions of Code § 102-102 (8) as amended by the Act approved March 25, 1958 (Ga. L. 1958, pp. 388, 389) to the effect that when a number of days is prescribed for the exercise of any privilege and the last day shall fall on a Saturday or Sunday, the party having such privilege shall have through the following Monday to exercise such privilege, do not apply to limitations expressed in months or years and to the limitation fixed by Code § 114-305 so as to extend the time for filing a claim under the Workmen's Compensation Act. *Brown* v. *Emerson Brick Co.,* 15 *Ga. App.* 332, 333 (3) (83 S. E. 160).

3. A claim is filed with the State Board of Workmen's Compensation when it is actually delivered to the board or to some proper officer thereof and received by him to be kept on file. *Peterson* v. *Taylor,* 15 *Ga.* 483, 485 (60 Am. Dec. 705); *Hilt* v. *Young,* 116 *Ga.* 708 (43 S. E. 76); *Jordan* v. *Bosworth,* 123 *Ga.* 879 (51 S. E. 755); *Stubbs* v. *Mendel,* 148 *Ga.* 802, 803 (1) (98 S. E. 476); *Brinson* v. *Georgia Railroad Bank &c. Co.,* 45 *Ga. App.* 459 (165 S. E. 321).

4. Under the foregoing rules of law, the delivery of a letter containing written notice of a claimant's claim for compensation to the United States mail for a delivery to the board, does not constitute the filing of such claim with the board. The claim cannot be considered as filed with the board until it is actually received by the board or by some proper officer thereof to be kept on file. Accordingly, where, as in this case, the claimant was injured in an accident which occurred on October 26, 1957, and his claim and request for a hearing thereon was mailed to the State Board of Workmen's Compensation on October 25, 1958, which date happened to have fallen on a Saturday, and said claim and request for hearing were not received by the board until Monday, October 27, 1958, it was filed too late, and the deputy director properly dismissed it when those facts were made to appear. *Bussey* v. *Bishop,* 169 *Ga.* 251 (3) (150 S. E. 78, 67 A.L.R. 287);

*Thomas* v. *Lumbermen's Mut. Cas. Co.*, 57 *Ga. App.* 434 (195 S. E. 894). It follows that the judge of the superior court erred in reversing and setting aside the award of the deputy director denying compensation.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 30, 1959.

*Spalding, Sibley, Troutman, Meadow & Smith, Richard A. Denny, Jr.,* for plaintiff in error.

*Adair & Goldthwaite, Clarence J. Jackson,* contra.