44881, 44917. VEAL v. PAULK; and vice versa.

EVANS, Judge. This appeal and cross appeal involve a suit for personal injury and property damages arising out of an alleged collision of two automobiles on Sunday, July 5, 1964.

The suit was filed in three counts on July 5, 1966, alleging in Count 1 certain personal injuries and property damage arising out of the collision; in Count 2 certain punitive damages by reason of the fact the driver, servant and agent of the defendant was under the influence of intoxicating liquors while injuring and damaging the plaintiff; and in Count 3 the plaintiff sought additional punitive damages resulting from the negligent entrustment of the vehicle to a person known to drink intoxicants on weekends. General and special demurrers were filed to the petition, claiming in the main, that it sought to recover for personal injuries and punitive damages barred by the two-year statute of limitation. The petition was later amended seeking to show that the statute was tolled for reasons set out. Thereafter, in a hearing on the demurrers, the defendant's general demurrers were overruled but certain of the special demurrers were sustained, and a number of the paragraphs of the petition were ordered stricken. After the amendment on the 28th day of August, 1967, the case was set down for a hearing on the demurrers three days later, on the 31st day of August, 1967, and the plaintiff made a special appearance to object to and move to strike and dismiss and revoke the order because it was unreasonable in that it did not allow sufficient time or notice before the hearing, and for other grounds showing it to be unreasonable and unjust. The court overruled the motion and proceeded to a hearing on the demurrers. The case was heard before a jury on the property damages alone and resulted in a mistrial. Thereafter the petitioner sought to amend her pleadings to set out additional grounds of personal injury and punitive damage, and the court sustained defendant's motion to strike and dismiss this amendment. In addition, the plaintiff filed a motion for change of venue after the mistrial by the jury, which was overruled. The trial court certified that the rulings were of such importance that they should be determined immediately by appeal, and the appeal is from the overruling of plaintiff's motion for change of venue, the sustaining of defendant's motion to strike and dismiss the plaintiff's amendment. The appellant also seeks to obtain a review of the antecedent rulings involving the sustaining of defendant's demurrers, and other special pleadings. The enumerations of error state that the court erred in (1) sustaining defendant's motion to strike

and dismiss the plaintiff's amendment; (2) overruling the plaintiff's motion for change of venue; (3) sustaining defendant's special demurrers to each of the three counts, thus, in effect, leaving for trial the plaintiff's allegations as to damages to the automobile alone and eliminating her personal injuries and the punitive damages sought by her; (4) overruling plaintiff's motion for continuance of a demurrer hearing set two days after the filing of an amendment to the petition; (5) overruling plaintiff's motion to dismiss and revoke the above order; and (6) giving certain instructions in charging the jury and also in refusing to charge certain written requests by the appellant. The cross appellant enumerates error on the denial of his motion for directed verdict and motion for judgment in accordance with the same. *Held:*

1. A number of the enumerations of error complained of the orders and rulings on the demurrers, having the effect of striking the pleadings seeking relief for personal injuries and for punitive damages since the suit was filed two years after the alleged injury occurred. By amendment the appellant sought to show that the statute of limitation was tolled due to certain facts, including the effect of the provisions of *Code Ann.* § 102-102 (8) (Ga. L. 1958, pp. 388, 389; 1967, pp. 579, 580) that when a number of days is prescribed for the exercise of any privilege and the last day shall fall on a Saturday or Sunday, the party having such privilege shall have through the following Monday to exercise it, since in this instance July 4 was a legal holiday. It has been held by this court that the provisions of this law do not apply to limitations expressed in months or years. *Code Ann.* § 3-1004 (Ga. L. 1964, p. 763); *Peterson v. Ga. R. & Bkg. Co.,* 97 Ga. 798 (25 SE 370); *Hammond v. Clark,* 136 Ga. 313, 322 (71 SE 479, 38 LRA (NS) 77); *McLendon v. State,* 14 Ga. App. 274 (80 SE 692); *Brown v. Emerson Brick Co.,* 15 Ga. App. 332, 333 (83 SE 160); *Chevrolet Parts Div., General Motors Co. v. Harrell,* 100 Ga. App. 280 (2) (111 SE2d 104); *Davis v. Hill,* 113 Ga. App. 280 (1, 2) (147 SE2d 868). Further, in adopting the new Civil Practice Act, the General Assembly left intact the statutes of limitation. *Davis v. U. S. Fidel. &c. Co.,* 119 Ga. App. 374, 376 (167 SE2d 214). Accordingly, the court did not err in sustaining the demurrers and in striking the portions of the petition seeking damages for personal injuries and punitive damages based

on the personal injuries since the statute of limitation had run thereon. All the enumerations of error complaining of the sustaining of these demurrers to the original petition and to the amendments seeking special damages arising out of the personal injury are without merit.

2. However, the petition also seeks punitive damages by reason of the negligent entrustment of the motor vehicle to the servant, and the court erred in striking all the punitive damages from this action. *Charleston & W. C. R. Co. v. McElmurray*, 16 Ga. App. 504 (3) (85 SE 804); *Collins v. Baker*, 51 Ga. App. 669, 674 (181 SE 425), and cases cited; *Battle v. Kilcrease*, 54 Ga. App. 808 (189 SE 573).

3. The court did not abuse its discretion in setting down the additional demurrers for hearing two days after they were filed since the case had been pending for some time, and the court had already held a hearing on the demurrers and had announced to counsel his intention to sustain the special demurrers seeking to strike the pleadings based on the personal injuries since the petition showed on its face the statute of limitation had run. The enumerations of error based upon the denial of the motion for continuance, the motion to dismiss, and the motion to revoke are without merit.

4. The court having a wide discretion as to the granting of a change of venue, and there being no facts submitted to prove the allegations of the motion for change of venue, if meritorious, the motion was properly denied. *Code* § 3-207. The enumeration of error complaining thereof is without merit.

5. Since the trial ended in a mistrial all the grounds of complaint based upon the erroneous instructions and failure to charge the jury are moot, the case having terminated with no issue determined and as if no trial had been had. See 89 CJS § 482, p. 134. We find nothing in *Code Ann.* § 6-701 (b) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073) which would require a ruling on these issues. None of the enumerations of error based thereon is meritorious.

6. The enumerations of error of the cross appeal based on the defendant's motion for directed verdict made at the conclusion of the trial and thereafter his motion for judgment in accordance with his motion for directed verdict are without merit since the evidence showed the collision occurred while the defendant's agent was driving the car while under the direction of the master in that he was sent from Fitzgerald

to Albany to pick up another employee and to return, and the presumption arises that the driver was engaged in the master's business and within the scope of his employment. The burden was then placed upon the master to show that the person operating the vehicle engaged was not his servant and was not at the time of the injury in his business. While the defendant's evidence shows that the master gave the servant instructions as to how to travel to Albany and return and that the vehicle collided with another not on this route, yet this evidence is insufficient to demand a finding that he was not acting within the scope of his employment in going to Albany to pick up the employee. It became a jury question as to whether the presumption created had been overcome. See *Dawson Motor Co. v. Petty*, 53 Ga. App. 746, 749 (186 SE 877); *F. E. Fortenberry & Sons v. Malmberg*, 97 Ga. App. 162 (102 SE2d 667); *Pratt v. Melton*, 107 Ga. App. 127, 132 (129 SE2d 346); *Ayers v. Barney A. Smith Motors*, 112 Ga. App. 581 (145 SE2d 753). It is also noted the servant did not testify, and the petition also seeks damages for negligent entrustment to the servant. Further, direct testimony as to market value is in the nature of opinion evidence (*Code* § 38-1709), and when the plaintiff testified her car was worth approximately $2,000 before the collision and $1,400 after, without a thorough and sifting cross examination to test her credibility and opportunity for forming an opinion, this was evidence from which her measure of damages could be determined. See *Landrum v. Swann*, 8 Ga. App. 209 (1) (68 SE 862); *Ga. Power Co. v. Carson*, 46 Ga. App. 612 (167 SE 902); *Warren v. State*, 76 Ga. App. 243, 245 (45 SE2d 726).

*Judgment reversed in part and affirmed in part on the main appeal; affirmed on the cross appeal. Jordan, P. J., and Whitman, J., concur.*

ARGUED NOVEMBER 4, 1969—DECIDED FEBRUARY 9, 1970—REHEARING DENIED APRIL 2, 1970—CERT. ▆▆▆▆▆▆

*Benjamin Zeesman*, for appellant.

*Jay, Garden & Sherrell, Clayton Jay, Jr.*, for appellee.