47862. ABRAMS v. COMMERCIAL CREDIT PLAN, INC.

EVANS, Judge. On April 20, 1971, Edith Abrams borrowed a sum of money from Commercial Credit Plan, Inc. under the Industrial Loan Act. The note was signed on the above date and the note itself provided in

prominent lettering: "Date of Loan—4/20/71." The first installment payment due on said note was June 4, 1971—the note setting forth in prominent lettering: "First Payment Date—6/4/71." Each payment was to be $42 and the number of payments were to amount to 24. The amount of the note was $1,008. (All of the foregoing appeared prominently on the face of the note.) As the first of the 24 monthly payments was due on June 4, 1971, the last of the 24 monthly payments was due on May 4, 1973, which was two years and 14 days *after the date the loan was made,* to wit: April 20, 1971.

Commercial Credit Plan, Inc. sued Edith Abrams for the unpaid balance alleged to be due on the aforesaid note, plus attorney fees. The defendant answered, contending the loan was absolutely void in that it was in violation of the Industrial Loan Act (Code Ann. Ch. 25-3; Ga. L. 1955, pp. 431, 445; 1956, pp. 86, 89; 1957, pp. 331, 334; 1963, pp. 370, 374; 1964, pp. 288, 293).

The case proceeded to trial and evidence was introduced showing the note, security agreement, financing statement, loan application, loan disclosure statement, financial statement of the borrower, and work-sheets, as well as the loan disclosure statement as to another loan by defendant with another office of plaintiff. The note shows: "Date of Loan—4/20/71; First Payment Date—6/4/71; No. of payments—24; Amount of Ea. Pymt.—$42.00; Amount of Note—$1008.00." *Held:*

1. Defendant contends that the note is void because it extends for a period beyond twenty-four months. Code Ann. § 25-315 provides that licensees under the Industrial Loan Act may loan any sum of money not exceeding $2,500 *"for a period of two years or less."* (Emphasis supplied.) Code Ann. § 25-9903 provides that any *loan contract* made in violation of this chapter shall be null and void. Unquestionably, the above loan is for a period of more than two years, and is, therefore,

null and void. The Rules promulgated by the Comptroller General on this subject also recite that, "No loan shall be made for a period in excess of twenty-four months." See Rule 120-1-10-.01.

The loan company contends that the regulations promulgated by the Comptroller General on this subject provide that "the initial instalment on all loans shall become due within a period not to exceed forty-five (45) days from the date on which the loan is made, but not sooner than the regular installment period"—and argues that this rule authorized it to make the loan at least 45 days before interest would begin, and that inasmuch as *interest was not charged for more than 24 months,* the loan is valid. But this is a non sequitur. It is immaterial as to whether interest is charged for less than 24 months—the statute plainly states that the *loan* may not exceed two years. Hence, if no interest at all were charged in this case, the *loan contract,* under the plain and unambiguous language of the statute, is null and void. See *Culverhouse v. Atlanta Assn. for Aged Persons,* 127 Ga. App. 574 (2) (194 SE2d 299).

What we hold here is that the *contract* is void under the language of the statute, to wit, Code Ann. § 25-9903. As to whether the *indebtedness* is extinguished is another matter, and we do not reach that question, as the above statute simply provides that the "loan contract" is null and void. However, there is law to the effect that an action in assumpsit, or as is commonly termed, "an action for money had and received" may be available to recover money to which one party is entitled, and which the opposing party, in equity and good conscience, is not entitled to retain. See *Hill v. Balkcom,* 79 Ga. 444 (a) (5 SE 200); *Meager v. Linder Lumber Co.,* 1 Ga. App. 426, 429 (57 SE 1004); *Millican Electric Co. v. Fisher,* 102 Ga. App. 309 (1) (116 SE2d 311). But again, we make no ruling on this point.

2. Defendant enumerated another ground of error, but same is not essential to a determination of this case since we hold the loan contract void.

*Judgment reversed. Hall, P. J., and Clark, J., concur.*

ARGUED FEBRUARY 7, 1973 — DECIDED MARCH 15, 1973.

*Steven Gottlieb,* for appellant.

*Arnall, Golden & Gregory, William A. Edwards, Jr.,* for appellee.