48609, 48610. GRAY v. QUALITY FINANCE COMPANY (two cases).

QUILLIAN, Judge. Although there are two appeals in this case, only one issue is involved and we rule on the case as if it were singular and not plural.

Quality Finance Company filed its complaint against Amy L. Gray in the Civil Court of Fulton County. The complaint alleged that the defendant was indebted to the plaintiff in the amount of $882.51 as evidenced by a promissory note. The defendant filed an answer denying her indebtedness to the plaintiff and setting out that the contract attached to the complaint violated the Georgia Industrial Loan Act. Code Ann. § 25-315 (Ga. L. 1955, pp. 431, 440; 1964, pp. 288, 291). The case came on for trial without the intervention of a jury and resulted in a judgment for the plaintiff. The defendant moved for a new trial and

subsequently amended the motion. Upon the overruling of the motion for a new trial, the defendant appealed to this court. *Held:*

The instrument on which the plaintiff relies recites "date of loan 11/14/69," "final instalment date 11/15/71." The defendant contends that this loan violated the Georgia Industrial Loan Act based on the holding in *Abrams v. Commercial Credit Plan*, 128 Ga. App. 520 (197 SE2d 384). In the *Abrams* case the instrument recited "date of Loan—4/20/71." The last of the payments was due on May 4, 1973. The court pointed out that this was "2 years and 14 days *after the date the loan was made.*" Code Ann. § 25-315 (Ga. L. 1955, pp. 431, 440; 1964, pp. 288, 291) provides that licensees under the Industrial Loan Act may loan any sum of money not exceeding $2,500 "for a period of 2 years or less." Thus, this court held that the contract in *Abrams* violated the provision and that under Code Ann. § 25-9903 (Ga. L. 1955, pp. 431, 444), the contract was null and void.

The *Abrams* case is controlling here. The defendant argues the fact that the 14th of December 1971 was Sunday and thus it was permissible for the contract to be extended to the 15th of December, the Monday following such Sunday under provisions of Code Ann. § 102-102 (8) (Ga. L. 1958, pp. 388, 389; 1967, pp. 579, 580).

It has long been the rule in this state that Code Ann. § 102-102 (8) applies only where days are to be counted and that where months and years are to be considered the rule is not applicable. *Davis v. Hill,* 113 Ga. App. 280 (2) (147 SE2d 868); *Veal v. Paulk,* 121 Ga. App. 575, 577 (174 SE2d 465); *Curtis v. College Park Lumber Co.,* 145 Ga. 601, 602 (89 SE 680); *Texas Co. v. Davis,* 157 Ga. 538, 540 (122 SE 62); *Thomas v. Couch,* 171 Ga. 602 (156 SE 206). When a limitation is imposed in terms of years the expiration takes place at the end of a yearly period without giving additional consideration to when the last day falls.

It should further be pointed out that the day of grace under Code Ann. § 102-102 (8) is given to the party upon whom the duty is imposed, not as in this case to the other party. Thus, while the defendant might or might not have an additional day to make final payment, this would in no way aid the plaintiff in the case sub judice. In short, the statute provides that the contract must be for a loan not in excess of 2 years. Any violation of this requirement would result in the loan contract being null and void.

The burden was upon the plaintiff to establish that he came within the terms of the Georgia Industrial Loan Act. *Jobson v. Masters,* 32 Ga. App. 60 (2) (122 SE 724); *Southland Loan &c. Co. v. Brown,* 53 Ga. App. 786 (187 SE 131). Since the face of the contract here showed a non-compliance, the plaintiff could not recover.

*Judgment reversed. Bell, C. J., Hall, P. J., Pannell, Evans, Clark and Stolz, JJ., concur. Eberhardt, P. J., and Deen, J., dissent.*

ARGUED SEPTEMBER 12, 1973 — DECIDED FEBRUARY 4, 1974.

*Steven Gottlieb,* for appellant.

*Harris Bullock,* for appellee.

EBERHARDT, Presiding Judge, dissenting. "If a man does not keep pace with his companions, perhaps it is because he hears a different drummer. Let him step to the music which he hears, however measured or far away."—Thoreau. I must dissent. Forfeitures are abhorred both at law and in equity. *Cobbs Land Co. v. Colonial Hill Co.,* 157 Ga. 236, 253 (121 SE 395). Rather, both delight to do justice, and that not by halves. Tallman v. Varick, 5 Barb. (N. Y.) 277, 280. Long ago in the case of *Heard v. Sill,* 26 Ga. 302, 309, Mr. Justice Lumpkin asserted: "After all, where lies the justice of the case? I try always to dig deep for that; and when found, nothing but the most imperious legal necessity can restrain me from administering it."

Where lies justice here? On November 14, 1969, Quality Finance Company made a cash loan to Gray and took his promissory note, repayable in monthly instalments, the first payment falling due December 15, 1969 and the last November 15, 1971. By a fortuitous circumstance November 14, 1971, two years from the date of making the loan, fell on Sunday and the last payment was, for that reason, made to fall due on November 15. Technically, perhaps, this runs the loan for one day beyond the two-year limitation of Code Ann. § 25-315, but as I see it this does not bring about a violation of the Act, and certainly not one that justifies a forfeiture.

As Judge Deen points out in his dissent, it was not legally possible for the debtor to make the last payment due on Sunday, for the lender could not lawfully open its place of business to receive payment. Code Ann. § 26-9908. The lender could not on that date, have enforced collection of the note or foreclosed its security bill of sale on the borrower's automobile. "Sunday is dies non juridicus, and service can not be made, or legal notice given on that day, or the business or work of ordinary callings done." *Sawyer v. Cargile,* 72 Ga. 290. Trover can not be instituted on Sunday. *Chafin*

*v. Tumlin,* 20 Ga. App. 433 (93 SE 50). It is in recognition of this that the Uniform Commercial Code provides that all commercial paper falling due on a Sunday or a holiday shall be due on the next succeeding business day *for both parties.* Code Ann. § 109A-3—503 (3). Do we make so gross a distinction whether the note is due by law or by contract on the same date so that the latter results in forfeiture?

The borrower has defaulted in the payment of substantially the entire loan, but the majority, refusing to give the recognition which the law does to the practicalities of an obligation maturing on Sunday, proclaims a forfeiture of the whole of the loan, because, forsooth, the debtor is to be afforded an extra day in which to meet his obligation! "It is not what a lawyer tells me I *may* do; but what humanity, reason, and justice, tell me I ought to do." — Edmund Burke, on Conciliation with America.

If the two-year period had ended on Monday and the note had been repayable on Tuesday, the result reached by the majority would be a tenable one, for the extension of the due date because of Sunday would not have been involved. I do not find the situation to be comparable to that which obtains when a cause of action is barred by a statute of limitation, for in that situation the plaintiff has been entitled to bring an action to enforce his claim on any day of the period, whether two, four, six or twenty years, while here the plaintiff was at no time prior to November 14, and because it was a Sunday, until November 15, entitled to proceed. The situations are simply not comparable.

I would affirm, for the drumbeat that I hear demands it.

DEEN, Judge, dissenting. "De minimis non curat lex." The fact of this case is that a two-year loan taken out on November 14, 1969, is payable on November 15, 1971, whether it so recites or not, because it is commercial paper and comes under Code Ann. § 109A-3—503 (3): Where any presentment is due on a day which is not a full business day for either the person making presentment or the party to pay or accept, presentment is due on the next following day which is a full business day for both parties." Sunday, November 14, 1971, cannot be a full business day for an industrial loan company. Code Ann. § 26-9908. Therefore, November 15, 1971, was the first date on which the commercial paper could be paid after it became due, and the fact that the note so recited, instead of putting down a fictitious date on which everybody understood payment could *not* be made should not result in voiding the entire transaction. "Dies dominicus non est juridicus." *Brooks v. Hicks,*

230 Ga. 500, 502 (197 SE2d 711).