62956. NEWTON LUMBER & SUPPLY, INC. v. CRUMBLEY
et al.

POPE, Judge.

Appellant, Newton Lumber & Supply, supplied certain building materials which were used in making improvements to appellees' home. When the contractor failed to pay for the materials, appellant filed notice of his claim of a materialman's lien in the contractor's bankruptcy proceedings. This bankruptcy claim was filed within six months of November 10, 1979, the date appellant indicated payment for the materials was due.

1. On November 10, 1980, the appellant filed an action to enforce the materialman's lien directly against the property owners. The appellees filed a motion for judgment on the pleadings contending that the appellant had not complied with the requirements of Code Ann. § 67-2002 (Ga. L. 1977, pp. 675, 676). That statute provides: "To make good the liens specified in section 67-2001, they must be created and declared in accordance with the following provisions, and on failure of any of them the lien shall not be effective, viz.: . . .

"3. The commencement of an action for the recovery of the amount of his claim within 12 months from the time the same shall

become due, and if the action is not filed in the superior court of the county in which the claim of lien was filed, then also within such 12 months' period, *the party claiming the lien shall file under oath with the clerk of the superior court of the county wherein the subject lien was filed a notice identifying the court wherein the action is brought,* the style and number of the action, including the names of all parties thereto, the date of the filing of the action, and the book and page number of the records of the county wherein the subject lien is recorded in the same manner in which liens specified in section 67-2001 are filed. *Failure to bring action and to file such notice within the time required shall extinguish the subject claim of lien and render the same unenforceable.*

"*In the event any contractor* . . . procuring material . . . or supplies for . . . repairing or improving any . . . building . . . *shall be adjudicated a bankrupt,* or if, after the filing of suit, no final judgment can be obtained against him for the value of such material . . . or supplies, by reason of his . . . adjudication in bankruptcy, then . . . the *person . . . furnishing material . . .* and supplies shall be relieved of the necessity of filing suit or obtaining judgment against such contractor . . . as a prerequisite to enforcing a lien against the property improved by said contractor . . . and *may . . . enforce said lien directly against the property so improved, in an action against the owner thereof, if filed within 12 months from the time the same shall become due . . .*" (Emphasis supplied.)

This action against the owner was not brought within 12 months. The last day to file or initiate suit within that period was Sunday, November 9, 1980. "When a limitation is imposed in terms of years the expiration takes place at the end of a yearly period without giving additional consideration to when the last day falls."*Gray v. Quality Finance Co.,* 130 Ga. App. 762, 763 (204 SE2d 483) (1974); *Veal v. Paulk,* 121 Ga. App. 575 (1) (174 SE2d 465) (1970). See also *Allstate Ins. Co. v. Stephens,* 239 Ga. 717 (238 SE2d 382) (1977).

An action to enforce the lien against the owner need not be instituted within the 12-month statutory period if a claim has been filed by the materialman in the contractor's bankruptcy proceedings during that time. The Supreme Court has held that the filing of the bankruptcy claim satisfies the requirement of Code Ann. § 67-2002 (3) of commencing an action within 12 months. *Melton v. Pacific Southern Mtg. Trust,* 241 Ga. 589 (247 SE2d 76) (1978).

However, the mere filing of the bankruptcy claim does not satisfy the statutory requirement that notice be filed with the superior court clerk identifying the pending action. Code Ann. § 67-2002 (3) (Ga. L. 1977, pp. 675, 677). Where actions to enforce a materialman's lien against the property owner are commenced

beyond the statutory 12-month period by virtue of the bankruptcy exception as provided by the Supreme Court in *Melton,* we hold that failure to properly file, as appellant failed to file, a notice of the claim or action with the superior court clerk of the county wherein the subject lien was filed extinguishes said claim of lien and renders it unenforceable. To rule otherwise would abrogate the legislative intent for which the notice requirement was established and would leave bona fide purchasers who purchased the property after the 12-month lien period subject to enforceable liens which could be enforced against the property for an indefinite period of time. The trial court's grant of judgment on the pleadings was therefore proper.

2. Appellees' motion to dismiss on the grounds that this case is rendered moot by reason that the owners' property has been foreclosed upon by the security deed holder, being unsupported by evidence in the record, is denied.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 19, 1982.

*T. Dorsey Yawn,* for appellant.
*Terry E. Willis,* for appellees.