72242. HANNA v. SAVANNAH SERVICE, INC.
(347 SE2d 263)

BEASLEY, Judge.

Hanna brought an action against Savannah Service alleging defamation and wrongful termination of his employment on May 15, 1981. His complaint was filed on April 11, 1985. Savannah Service moved to dismiss Hanna's complaint on the ground it was barred by the statute of limitations. Hanna asserted that he had filed a previous action within the statutory period which he had dismissed on October 11, 1984, and that the present action was a renewal brought within six months as required by OCGA § 9-2-61. After a hearing, the trial court dismissed the complaint.

1. In 1985, effective July 1, OCGA § 1-3-1 was amended. However, since Hanna's attempted renewal occurred before the effective date of the amendment, the prior statute and the cases construing it are applicable. OCGA § 9-2-61 required that the action be recommenced within six months. Where the limitation was expressed in terms of months or years, the last date for filing a complaint within six months of October 11, 1984 was April 10, 1985. *Veal v. Paulk,* 121 Ga. App. 575, 577 (1) (174 SE2d 465) (1970); *Gray v. Quality Fin. Co.,* 130 Ga. App. 762, 763 (204 SE2d 483) (1974); *Thomas v. Couch,* 171 Ga. 602, 607 (1) (156 SE 206) (1930); *Allstate Ins. Co. v. Stephens,* 239 Ga. 717, 718 (238 SE2d 382) (1977). Hanna's refiled complaint was one day too late and the trial court properly sustained the motion to dismiss as to those aspects of the complaint seeking recovery for tort. OCGA § 9-3-33; *Davis v. Hosp. Auth.,* 154 Ga. App. 654, 656 (3)

(269 SE2d 867) (1980).

2. The alleged wrongful termination of Hanna's employment as a breach of contract[1] has a statutory life of at least four years. OCGA § 9-3-26. The renewed action was brought within four years of the time Hanna's employment ended, so the court erred in dismissing this portion of the complaint. It is not affected by the dismissal and recommencement effort.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 10, 1986 —
REHEARING DENIED JUNE 27, 1986 — 

*Robert M. Ray, Jr.*, for appellant.
*Stephen R. Sims*, for appellee.

---

[1] See *Manley v. Exposition Cotton Mills*, 47 Ga. App. 496, 497 (170 SE 711) (1933) and *Rhine v. Sanders*, 100 Ga. App. 68, 73 (110 SE2d 128) (1959).